Peaeson, J.
 

 It was held in Allen v. Smitherman, 6 Ired. Eq. 341, that the assignee of a distributive share takes it, subject to all the equities to which it was liable, at the date of the ass:gnment. We go fuither, and hold that he takes it, subject to all equities, up to the time that he gives notice to the administrator.
 

 In our case, an executor held a residuary fund, to be divided among the children of the testator. The husband of one of the children assigned his share. Afterwards, the executor, having no notice of the assignment, took his note, without security, and paid off debts at his request, with an express understanding that the amount advanced should he deducted from his share. We think it clear, that he is entitled to a credit for the amount in a settlement with the assignee.
 

 
 *139
 
 Such an interest is not assignable ai] law. Equity permits it to be assigned; but, to guard against fraud, the assignment is considered imperfect, until consummated by notice to the trustee. It is supposed that prudent men will make enquiries of him, befoie dealing with the
 
 cestui qui
 
 trust; and the object of requiring notice to be given to the trustee, is to put it in bis power to give correct information.
 

 In regard to land, fines and common recoveries, which are matters of record, livery of seisin, and the enrollment of deeds of bargain and sale, give notoriety to the change of ownership. A lease for years is consummated by the entry of the lessee, the purchaser of chattels may take them into possession, (if he fails to do so, it is a strong badge of fraud, “Twynes’ case,”) and the change of possession is evidence of a change of ownership. The endorsement of negotiable instruments, or the possession of the paper, when payable to bearer, shows for itself; but a trust, when the subject is personal property, and<choses in action, other than negotiable instruments, are not susceptible of actual possession, and equity, pursuing the analogy of the law, in allowing the assignment, requires, that the change of ownership shall be shown, by giving notice to the trustee or the person liable, which is taken as tantamount to a change of possession. Notice is necessary to perfect the assignment, so as to deprive the assignor of any subsequent control. Adams’ 54. Before notice is given to the trustee or person liable, the assignment is binding upon the assignor, and volunteers, and all who are affected with notice, but the assignment is imperfect, and is put on the footing of a mere contract of purchase. After such notice, the title is perfect, and the assignee has a complete right
 
 in rem.
 

 It is insisted, that, as the assignment was by deed of trust, to pay debts, and was registered before the advancements were made by the executor, the registration was notice to him. We do not think so, for two reasons: Admit,
 
 *140
 
 for the sake of argument, that a deed of trust, assuming such an interest, is within the operation of the registration laws; admit, too, which is, also, for the sake of argument, that the notice required to be given to. the trustee, like the-notice which will affect a purchaser, may be by implication,, it is certain that an absolute assignment of such an interest need not be registered. So the necessity for registration depends on the accident of the assignment being absolute or in trust. It cannot be law, that an administrator or executor, before he may safely pay, in part or in whole, a distributive share, must search the office for an instrument which he has no reason to expect to find there, unless it happens to-be of a particular kind, when he 1ms no intimation or ground for belief or suspicion, that one of any sort has been executed.
 

 Rut a deed of trust, assigning such an interest, does not come within the operation of the registration laws. The acts concerning the registration- of mortgages and deeds of trust are intended to prevent debtors from committing frauds, and are confined to lands and chattels — such things as may bo sold under execution. The act of 1828, although it uses the general terms “estate, real-and personal,” goes on to restrict the meaning to lands and' chattels, by providing, that the deed, if for land, shall bo registered in the county where the land lies, — if for chattels, in the county where the bargainor resides, or, if he resides out of the State, “ in the county where said chattels, or some of them, are situate.”
 

 No provision is made in reference to the counties where-a deed of trust, assigning choses in action, or distributive shares, is to be registered. Suppose a merchant assigns book-debts, notes and judgments, in which county must it be registered ? It is evident such a deed does not come within the words of the Statute, and it is equally clear, that it does not come within the mischief intended to be reme
 
 *141
 
 died. A .creditor cannot be hindered or delayed in having his execution satisfied, by such a deed, because his execution.cannot reach the subject of it. This construction is sustained by the op’n'.on of the Judges in Doak v. Bank of the State, 6 Ired. 309. It is tree, they differ as to whether a “pledge,” as distinguished from a mortgage of a chattel, must be registered ; but they agree that a mortgage or deed of trust, assigning “bank stocks, debts and dioses ,in action generally,” need not be registered. Dearle v. Hall, 3 Russ. 1, 3 Eng. Cond. Chan. Rep. 266, is direct authority for our decision, in both points of view. ■ One being entitled to an annuity-of ¿£93, to be paid out of a fund lieldby the executor, assigned it, by deed indented to Dearie in trust, to secure the payment of ¿£37 a year to said Dearie, during the* life of Brown, and to pay the residue to Brown : this deed was enrolled, but notice was not given to the executor. After-wards Brown assigned .the whole annuity to Hall.: before completing the purchase, Hall enquired of the executor if' Brown"had a ri^ht to assign, and was informed that he had. Hall thereupon took the assignment, and gave notice to the .executor. It was decided, that Hall was entitled to ¡the annuity, on the ground that Dearie had not perfected''the assignment to him, by giving notice to the executor. In reply-to the suggestion that the enrollment amounted to .notice, so as to affect Hall, (there was not even a suggestion that it required such notice, as is required to be given to the -trustee;) it was said, “ it is true the assignment being given to secure an annuity was required .to be enrolled; but,, ¡if the annuity had been assigned absolutely, no enrollment •would have been necessary, how then could Hall be expected .to look in the offices for a document which had no natural ..connexion-with the transfer of the fund.?
 

 It was mere accident that it required .enrollment. It •'Would he too .much to impose on a purchaser the obligation
 
 *142
 
 of making a search, to -which there was nothing to lead him.”
 

 Our case is stronger than that, in two particulars: here the executor advances a part of the fund to the person originally entitled to it. There the contest was between two purchasers; here the deed required no registration; there the deed to the first assignee required enrollment, and was enrolled accordingly. The exception must be overruled.
 

 Decree accordingly.