FARMERS ATLANTIC BANK v. THE FIRST NATIONAL BANK OF
MURFREESBORO, N. C., ET AL.

(Filed 19 March, 1930.)

1. **Contracts F b—Allegation of performance of agreement incidental
   to main contract held not necessary in this case.**

   Where a contract is entered into whereby a bank, in anticipation of
   insolvency, agrees to transfer all of its assets to another bank, and give
   bond with its directors as sureties to indemnify the transferee bank
   against loss in case the liabilities exceed the assets, and the transferee
   bank agrees to pay off all liabilities, and the contract contains an agree-
   ment, incidental to the main purpose of the contract and not considered
   by the parties as a substantial part of the consideration therefor, whereby
   the transferee bank agrees to maintain a branch bank in the locality,
   subject to the approval of the Corporation Commission: *Held*, in an action
   on the bond given in accordance with the contract it is not necessary for
   the transferee bank to allege performances of the incidental agreement.

2. **Corporations G b—Party receiving benefits of contract with corpora-
   tion is estopped from setting up defense that contract was ultra vires.**

   Where a bank transfers all of its assets to another bank and gives
   bond with its directors as sureties to indemnify the transferee bank
   against loss in case the liabilities exceed the assets, and the transferee
   bank agrees to pay off all liabilities of the transferer bank: *Held*, upon
   the execution of the agreement by the transferee bank, neither the
   stockholders nor the creditors of the transferer bank can complain, and
   the transferer bank and its sureties, having received the benefit of the
   contract, are estopped in an action on the bond to set up the defense that
   contract was *ultra vires* the transferee bank.

APPEAL by defendants from *Small, J.,* at October Term, 1929, of
HERTFORD. Affirmed.

This is an action to recover on a bond executed by the defendant, the
First National Bank of Murfreesboro, N. C., as principal, and its co-
defendants, directors of said National Bank, as sureties.

By the terms of said bond, the defendants agreed to indemnify and
save harmless the plaintiff from any loss which plaintiff might sustain,
resulting from its performance of a contract by which it agreed to pay
off and discharge all the liabilities of the defendant, the First National
Bank of Murfreesboro, N. C., in consideration of the conveyance and
transfer to it of all the assets of said National Bank. The said contract
was entered into because of the apprehension of defendants that said
National Bank was about to become insolvent, and that loss would
thereby result not only to its creditors and stockholders, but also to its
directors, the sureties on said bond.

Plaintiff has paid off and discharged all the liabilities of the defendant bank, aggregating the sum of $288,976.36. The total amount collected or collectible by plaintiff from the assets conveyed and transferred to it by defendant bank, is $261,319.37. Plaintiff by the performance of its contract with the defendant bank, has suffered a loss in the sum of $27,656.99, which exceeds the penal sum of the bond sued on in this action, to wit: $25,000. It demands judgment that it recover of defendants the sum of $25,000.

The action was heard on defendants' demurrer to the complaint.

From judgment overruling their demurrer, and allowing defendants thirty days in which to answer the complaint, defendants appealed to the Supreme Court.

*Travis & Travis, Bridger & Ely, and Alvah Early for plaintiff.*

*D. C. Barnes, Lloyd J. Lawrence and Burgwyn & Norfleet for defendants.*

CONNOR, J. It is manifest that the defendant, the First National Bank of Murfreesboro, was induced, primarily and chiefly, to enter into the contract with the plaintiff by the agreement of the plaintiff bank, in consideration of the conveyance and transfer to it of all the assets of the defendant bank, that it would pay off and discharge all the liabilities of the said defendant bank and thereby save its stockholders from loss by reason of their individual statutory liability, and also save its directors from loss by reason of personal liability which they may have incurred by violations of provisions of the banking laws of the United States. The contract was entered into because of the apprehension of the stockholders and directors of the defendant bank that it was, or was about to become, insolvent. The agreement of plaintiff, a banking corporation organized under the laws of this State, with its principal place of business at Ahoskie, N. C., to operate a branch bank at Murfreesboro, N. C., subject to the approval of the Corporation Commission of this State, was merely incidental to the controlling purpose of the contract. There is no specific reference in the bond to this agreement. The performance by the plaintiff of this agreement is not a condition precedent to liability on the bond and the failure of the plaintiff to allege in its complaint that it had performed the same, does not affect its right to recover on the bond in accordance with its terms. The principle that a party to a contract, in order to maintain an action for damage for its breach, or for specific performance, if it be such a contract as will be enforced specifically by the court, must both allege and prove performance by him, or a waiver of performance by the party against whom

relief is sought *(Land Co. v. Smith,* 191 N. C., 619, 132 S. E., 593) is not applicable. If there was a breach by plaintiff of this agreement, for which the defendant bank would be entitled to damages, it is not such a breach of the contract between the parties as will relieve the defendant bank of its liability on the bond. *Westerman v. Fibre Co.,* 162 N. C., 294, 78 S. E., 221. The complaint in this action is not demurrable because of the failure of plaintiff to allege therein its performance of an incidental agreement, which the parties manifestly did not regard as a substantial consideration for the contract.

The contention of the defendants that they cannot be held liable to the plaintiff in this action, upon the facts alleged in the complaint, which are admitted by the demurrer *(Brick Co. v. Gentry,* 191 N. C., 636, 132 S. E., 800), for that the execution by the defendant bank of both the contract and the bond was *ultra vires,* and that for this reason there was error in the judgment overruling their demurrer to the complaint, cannot be sustained.

The conveyance and transfer of its assets to the plaintiff by the defendant bank, while made in contemplation of its insolvency, was not made to prevent the application of its assets to the payment of its liabilities; both the purpose and the result of such conveyance and transfer was the payment in full of all the liabilities of the defendant bank. Upon the admitted facts, no one of its creditors has just ground for complaint. Creditors having been paid by the plaintiff are estopped from challenging the validity of the contract, pursuant to which they have been paid in full. Nor can a stockholder of the defendant bank complain that the contract was unlawful; all stockholders, as the result of the contract, and of its performance by the plaintiff, have been relieved of their individual, statutory liability to creditors of the bank and have therefore been benefited by plaintiff's performance of the contract. It does not appear from the complaint that the Comptroller of the Currency has approved the contract, but as it does appear that the defendant bank did not undertake to sell or assign its franchise as a national bank, it will be presumed that the contract was approved by him. The defendant bank, and its codefendants, who are not only sureties on its bond, but also its directors, having received the full benefit of the contract, in accordance with its terms, by plaintiff's performance of the same, will not now be heard to deny liability on the bond on the ground that the defendant bank had no power to execute the bond or to enter into the contract. Where a corporation, whether engaged in the banking or in other business, has received full value for a liability, incurred by its contract, it will not ordinarily be relieved of such liability upon the contention that the contract was *ultra vires. Quarries Co. v. Bank,* 190 N. C., 277, 129 S. E., 619.

As the defendant bank, the principal, is liable on the bond, it follows that its codefendants, the sureties, are also liable, and that there is no error in the judgment overruling the demurrer. If defendants desire to do so, they may, under the judgment, file an answer and by denial of material allegation of the complaint, raise issues of fact, upon which they will be entitled to trial. The judgment, overruling the demurrer, is
Affirmed.