NORTH CAROLINA BANK AND TRUST COMPANY v. J. F. WILLIAMS, ADMINISTRATOR OF J. C. WILLIAMS, DECEASED; CHARLES TEACHEY, MAURY WARD, D. W. FUSSELL, HENRY FUSSELL, D. B. HERRING, AND C. W. BONEY.

(Filed 14 October, 1931.)

1. **Bills and Notes B c—Bond indemnifying liquidating bank from loss is not negotiable.**

A bond indemnifying a bank from any loss which it might sustain by reason of its taking over the assets and discharging the liabilities of another bank, the bond being payable to the liquidating bank and not to its order, is not a negotiable instrument within the meaning of C. S., 2982, and its transfer by endorsement to another is an assignment of a chose in action, and the assignee is not a holder in due course, C. S., 3033, and the obligors may set up such defenses against the assignee as they might have had against the liquidating bank.

2. **Assignment A a—Bond indemnifying liquidating bank from loss is assignable.**

With certain exceptions, a chose in action is now usually assignable, and the assignee may bring an action thereon in his own name, C. S., 446, and a bond given to indemnify a bank from any loss it might sustain by reason of its taking over the assets and discharging the liabilities of another bank is assignable, and the assignee may bring action thereon to recover the loss sustained by the assignor by reason of the insufficiency of the assets, and may recover against the obligor and sureties on the bond within the penalty stated, subject to any offset or defense which the latter may have as against the assignor.

APPEAL by defendants, J. F. Williams, administrator, D. B. Herring and Charles Teachey, from *Daniels, J.,* at July Term, 1931, of DUPLIN. Affirmed.

This action was heard on demurrers to the complaint filed by the defendants, J. F. Williams, administrator, D. B. Herring and Charles Teachey. Each of these defendants by his demurrer challenged the right of the plaintiff to maintain this action, and also its right to recover on the facts alleged in the complaint.

From judgment overruling their demurrers, the said defendants appealed to the Supreme Court.

*Bryan & Campbell for plaintiff.*
*Beasley & Stevens for defendant, J. F. Williams, administrator.*
*John A. Stevens for defendants, D. B. Herring and C. Teachey.*

CONNOR, J. On or about 15 July, 1926, the Bank of Duplin, doing business in the town of Wallace, N. C., took over all the assets of the Bank of Rose Hill, of Rose Hill, N. C., and agreed with the Bank of

Rose Hill that it would liquidate said assets, and pay off and fully discharge all its debts and liabilities. As an inducement to this agreement, and as a consideration for the same, the Bank of Rose Hill delivered to the Bank of Duplin a bond in the penal sum of $30,000, payable to the Bank of Duplin. The purpose of this bond, as appears from the recitals therein, was to indemnify the Bank of Duplin against all loss or damage that the said bank might suffer or sustain by reason of the performance of its agreement to pay off and discharge all the debts and liabilities of the Bank of Rose Hill. The bond was executed by the Bank of Rose Hill, as principal, and by the defendants in this action, except the defendant, J. F. Williams, administrator of J. C. Williams, as sureties. J. C. Williams, who executed said bond as surety, is dead. The defendant, J. F. Williams, is his administrator.

Pursuant to its agreement with the Bank of Rose Hill, the Bank of Duplin has liquidated the assets taken over by the said bank, and has paid off and fully discharged all the debts and liabilities of the Bank of Rose Hill to its depositors and other creditors. The assets of the Bank of Rose Hill were not sufficient, in amount, when liquidated, to satisfy all its debts and liabilities. On or before 16 January, 1930, the Bank of Duplin had sustained and suffered loss and damage by reason of the performance of its agreement with the Bank of Rose Hill, in a sum in excess of $30,000, the penal sum of said bond. Prior to said date, the Bank of Duplin had made demand on the sureties on said bond for the payment of the amount of its loss and damage, not in excess of $30,000. The sureties on said bond, who are the defendants in this action, have failed to pay said amount or any part thereof.

On or about 16 January, 1930, the Bank of Duplin, for a valuable consideration, transferred and assigned said bond to the plaintiff in this action, as collateral security for the indebtedness of the Bank of Duplin to the plaintiff. At the date of the said transfer and assignment, this indebtedness exceeded, and now exceeds, the sum of $30,000. The plaintiff is now the holder of said bond, claiming title thereto under the transfer and assignment by the Bank of Duplin dated 16 January, 1930.

On the foregoing facts alleged in the complaint in this action, plaintiff prays judgment that it recover of the defendants, and of each of them, as sureties on said bond, the sum of $30,000, with interest and costs.

The bond sued on in this action is payable to the Bank of Duplin. It is not payable to the order of said bank. For this, as well as for other reasons, the bond does not conform to the statutory requirements for a negotiable instrument. C. S., 2982. It is, therefore, not negotiable, within the meaning of the Negotiable Instruments Law. C. S., 2976, *et*

*seq.* The plaintiff is not the holder of the bond in due course, as defined in C. S., 3033; it holds the bond subject to all defenses available to the defendants as against the Bank of Duplin.

By their respective demurrers to the complaint, the appealing defendants challenged the right of plaintiff to maintain this action, contending that the bond executed by them and payable to the Bank of Duplin is not assignable. This bond is a chose in action, on which prior to 16 January, 1930, the Bank of Duplin had a right of action. The amount recoverable on the bond, if any, was payable to the Bank of Duplin.

The law with respect to the assignability of choses in action, arising out of contract, is stated in 2 R. C. L., at page 595, as follows: "Except in cases within the law merchant, it was an established principle of the common law, that a chose in action, which is defined as a personal right not reduced into possession but recoverable by a suit at law, could not be assigned, and that no man could purchase another's right to a suit either in whole or in part. At a later period this rule of the early common law was substantially modified, both by judicial decision and by statutory enactment, so that today in nearly all jurisdictions a right of action arising out of a breach of a contract is assignable."

"The test of assignability is sometimes said to be whether or not, upon the death of a party, his executor or administrator would succeed to his rights and liabilities; but the true test is the intention of the parties, to be ascertained from a consideration of the nature of the acts or services to be performed, and of the language used in the contract." 5 C. J., p. 877.

A chose in action, arising out of contract is ordinarily assignable in this jurisdiction by virtue of both judicial decisions, and statutory enactment. The assignment is without prejudice to any setoff, or other defense existing at the time of, or before notice of the assignment. The assignee may maintain an action in his own name to recover a chose in action which has been duly assigned to him, for he is the real party in interest. C. S., 446. *High Point Casket Co. v. Wheeler,* 182 N. C., 459, 109 S. E., 387, 19 A. L. R., 391; *Vaughan v. Davenport,* 159 N. C., 369, 74 S. E., 967; *Anders v. Gardner,* 151 N. C., 604, 66 S. E., 665; *R. R. v. R. R.,* 147 N. C., 368, 61 S. E., 185, 23 L. R. A. (N. S.), 223. In the last cited case, *Hoke, J.,* says:

"While at common law the rights and benefits of a contract, except in the case of the law merchant, and in cases where the Crown had an interest, could not be transferred by assignment, a doctrine which Lord Coke attributes to the 'wisdom and policy of the founders of our law in discouraging maintenance and litigation, but which Sir Frederick Pollock tells us is better explained as a logical consequence of the

archaic view of a contract as creating a strictly personal obligation between the debtor and creditor,' the rule in its strictness was soon modified in practical application by the common-law courts themselves, and more extensively by the decision of the courts of equity; and the principles established by these cases have been sanctioned and extended by legislation until now it may be stated as a general rule that, unless expressly prohibited by statute or in contravention of some principle of public policy, all ordinary business contracts are assignable, and that actions for breach of same can be maintained by the assignee in his own name."

This principle established by statutory enactment in this State, and consistently applied by this Court, enhances the practical value of every business contract, and works no harm to the party who is liable under its terms. If a party to a contract is liable for its breach, it is immaterial to him who shall recover the damages, for upon payment of the damages which have accrued by reason of its breach, to the party or to his assignee who is entitled to recover the same, such party is discharged of all liability arising out of his contract.

In the instant case, the facts alleged in the complaint are sufficient to constitute a cause of action on which the plaintiff is entitled to recover. *Bank v. Bank,* 198 N. C., 477, 152 S. E., 403. Each of the defendants is liable for the loss or damage sustained or suffered by the Bank of Duplin as the result of the performance of its agreement with the Bank of Rose Hill, subject to any offset or counterclaim to which such defendant may be entitled as against the Bank of Duplin. The judgment overruling the demurrers to the complaint is

Affirmed.