BANK OF NORTHAMPTON v. TOWN OF JACKSON and MARYLAND
CASUALTY COMPANY.

(Filed 4 January, 1939.)

1. **Assignments § 1—**

All ordinary business contracts. are assignable unless assignment is
expressly prohibited by statute or is in contravention of public policy.

2. **Same—**

A contract for money to become due in the future may be assigned.

3. **Assignments § 7—**

Whether a subsequent assignee who first gives notice to, and has the
assignment accepted by, the debtor is entitled to priority over the prior
assignee, must be determined upon the facts of each particular case and
by the terms of the contracts to which the parties have agreed.

4. **Same—*Under facts of this case, second assignee, who first gave notice
to debtor, held entitled to priority over first assignee.***

A construction company, in its application for a surety bond for munici-
pal construction, agreed that upon default on the construction contract,
or default on any other contract upon which the surety was liable, all
payments due or to become due under the construction contract should
be paid the surety. Subsequently, the construction company assigned to
a bank money due or to become due under the construction contract as
security for a loan which was used in the construction work. The bank
gave the town notice of the assignment, and the town accepted same,
and inquiry by the bank failed to disclose the prior assignment to the
surety. The construction contract in question was completed without
default. This controversy is between the bank and the surety over the
funds in the town's hands due the construction company after payment
of all other claims. The surety claimed under its assignment upon the
occurrence of a loss on another contract in an undetermined amount more
than six months after the assignment to the bank. *Held:* Under the facts
of this case, the bank, which first gave notice to, and procured acceptance
of its assignment by, the town, is entitled to preference. The fact that
the surety was not given notice of the assignment to the bank *held* imma-
terial, since the construction contract in question having been completed
without default or loss, no right of subrogation nor claim on account of
default and loss could accrue to the surety. It further appeared that
the contract between the town and the construction company precluded
assignment of sums due or to become due thereunder without the town's
consent.

5. **Assignments § 1—*Contract in this case held to preclude assignment of
money to become due thereunder without approval of debtor.***

The contract between the municipality and the contractor for municipal
construction provided that no right to any money or orders due or to
become due under the contract should be asserted against the city by
reason of any assignment of the contract, or any part thereof, unless
such assignment should have been authorized by the written consent of
the city. *Held:* The provision is sufficiently broad to cover assignment

of the proceeds of the contract as well as assignment of any part of the contract for purposes of subcontracting, and the contract being the basis of all rights of the respective parties, such provision is binding on the surety notwithstanding prior agreements between the surety and the contractor in the application for the surety bond with respect to assignment of the proceeds of the contract to the surety.

APPEAL by defendant Maryland Casualty Company from *Burgwyn, J.,* at October Term, 1938, of HALIFAX. Affirmed.

This was an action to recover a fund in the hands of defendant town of Jackson, claimed by defendant Maryland Casualty Company, heard upon agreed statement of facts, the material portions of which were incorporated in the judgment as follows:

"1. That (on the 9th day of March, 1936) the Town of Jackson entered into a contract with Lackawanna Construction Company for the construction of a water and sewerage system in the Town of Jackson.

"2. That the Maryland Casualty Company became the surety upon a performance bond required by Lackawanna Construction Company and in the application for the bond of suretyship it took an assignment from Lackawanna Construction Company of all sums due or to become due under said contract in the event there was a default on the Jackson job or any other job on which the Maryland Casualty Company was surety; that neither the Maryland Casualty Company nor the Lackawanna Construction Company ever gave notice to the Town of Jackson that it had such an assignment.

"3. That on the 25th day of January, 1937, the Lackawanna Construction Company applied to the Bank of Northampton for a loan of $5,000, the proceeds of which were to be used in the construction of said water and sewerage system. The Bank of Northampton thereupon went to the proper Town authorities and made inquiry as to whether the Lackawanna Construction Company had made any other or prior assignment of funds due or to become due it under said contract, and also made inquiry of said Lackawanna Construction Company and was informed by the Town that it knew of none, and by the Lackawanna Construction Company that there was none. The Town then consented to the assignment of funds due and to become due to Lackawanna Construction Company by the Lackawanna Construction Company to the Bank of Northampton and agreed that it would pay to the Bank of Northampton all funds due or to become due the Lackawanna Construction Company under the contract herein referred to. The Bank of Northampton then made the loan.

"4. The Lackawanna Construction Company in due season completed its contract with the Town of Jackson, the same being duly approved by the engineer of the Town of Jackson and was accepted by the Town of Jackson.

"5. That Maryland Casualty Company, codefendant herein of the Town of Jackson, has not suffered and will not suffer any loss by reason of its contract of suretyship and all parties furnishing labor, material or work on the Jackson job who have provable claims against said job have been paid either by the Lackawanna Construction Company or funds were turned over to Maryland Casualty Company sufficient to take care of same, leaving a surplus of $5,600.00, which is the subject of this action.

"It is, therefore, ordered, considered and adjudged that the plaintiff recover of the Town of Jackson the sum of $5,000.00 with interest from the 22nd day of September, 1937, together with the costs of this action.

"It is further ordered, considered and adjudged that the Maryland Casualty Company is not entitled to any part of the funds now held by the Town of Jackson, except that which remains after the payment of the sum of $5,000.00 with interest and the costs herein and after this has been done the Maryland Casualty Company is entitled to the surplus and the same is hereby awarded to it."

The agreement entered into by the contractor for the assignment to the Casualty Company of sums to become due under the contract, contained in the application for surety bond made at the time of the execution of the contract in March, 1936, referred to in the judgment, was in the following words:

"In the event of claim or default under the bond herein applied for, or in the event the undersigned shall fail to fulfill any of the obligations assumed under the said contract and bond, or in the event of claim or default in connection with any other former or subsequent bonds executed for us at our instance and request, all payments due or to become due under the contract covered by the bond herein applied for, shall be paid to the company, and this covenant shall operate as an assignment thereof and the residue, if any, after reimbursing the company aforesaid, shall be paid to the undersigned after all liability of the company has ceased to exist under the said bonds, and the company shall at its option be subrogated to all rights, properties and interest of the undersigned in said contract."

The assignment by the contractor to plaintiff bank of sums due and to become due under the contract, as security for a loan of $5,000 for the purpose of carrying out the contract, was made after notice to and with the consent of the town and was dated 25 January, 1937. No notice of this assignment was given the Casualty Company.

It was also agreed "that on or about 11 April, 1936, the Lackawanna Construction Company entered into two certain contracts with the Town of River Junction, Florida, for the construction of a water and sanitary sewerage system, and that the Maryland Casualty Company became

surety for the faithful performance of said contracts. . . . It is further agreed that on 11 August, 1937, the Lackawanna Construction Company defaulted in its contracts with the Town of River Junction, Florida, and the Maryland Casualty Company has assumed to finish the work under said contracts and will suffer a loss on that account."

From judgment decreeing payment of the fund of $5,000 and interest to plaintiff bank, defendant Casualty Company appealed.

*Gay & Midyette and Geo. C. Green for plaintiff, appellee.*
*Carr, James & LeGrand for defendant Maryland Casualty Company, appellant.*

DEVIN, J.   Two parties claim the fund remaining in the hands of the town of Jackson after the completion of the contract for the installation of a water and sewerage system.   One of those parties is the plaintiff Bank of Northampton, claiming by virtue of an assignment to it by the contractor of sums due and to become due under the contract, as security for a loan for the purpose of carrying out the contract, made after notice to and with express consent of the town.   The other party is the defendant Casualty Company, which claims by virtue of an agreement by the contractor to assign sums to become due under the contract, the agreement being contained in the original application by the contractor for the execution by the Casualty Company of its surety bond for the faithful performance of its contract.   No notice of this agreement to assign was given to the town or the plaintiff.   The contract has been fully performed and all claims thereunder have been paid, but it is contended the agreement to assign contained in the contractor's application for bond covered not only any loss that might accrue under this contract, but also losses resulting from another contract of the contractor upon which the appellant was surety.

The decision of the court is sought for the determination of the question as to which of these two parties is entitled to preference.   The trial court ruled in favor of the plaintiff bank, and the appeal of the defendant Casualty Company brings this ruling here for review.

The assignment to the defendant, as contained in the clause in the application for bond, provided, in terms, that, in the event of default or failure of the contractor to fulfill any obligation under the contract, or in the event of default in any other or subsequent bond executed by the Casualty Company for the contractor, all payments due or to become due under the contract should be paid to the company, and that this covenant should operate as an assignment.

The principle is firmly established in this jurisdiction that, unless expressly prohibited by statute or in contravention of some principle of

public policy, all ordinary business contracts are assignable, and that a contract for money to become due in the future may be assigned. *Chemical Co. v. McNair,* 139 N. C., 326, 51 S. E., 949; *Trust Co. v. Williams,* 201 N. C., 464, 160 S. E., 484; *Fertilizer Works v. Newbern,* 210 N. C., 9, 185 S. E., 471. "The assignee of a part of a debt acquires in equity a right of action against the assignor." *Trust Co. v. Construction Co.,* 191 N. C., 664.

Assuming that the agreement contained in the application made by the contractor to the Casualty Company to become surety on the contractor's bond constituted an equitable assignment of sums thereafter to become due under the contract, this was without notice to the town. It further appears that thereafter the contractor executed an assignment of moneys due or to become due under the contract to the plaintiff bank as security for a loan for the purpose of securing money to carry out and complete the contract, and that this was done with notice to and by the express consent of the town.

As affecting the right of priority between successive assignees, the question whether the fact that the subsequent assignee was the first to give notice of the assignment to the debtor entitles him to preference has been variously decided by the courts of other jurisdictions, and different results have been reached, in the application of conflicting equitable principles to the facts, in determining whether the assignee first in point of time is prior in point of right, or whether the assignment is to be considered as imperfect until consummated by notice to the debtor.

In 4 Am. Jur., 313, it is said: "According to the weight of authority the assignee who first gives notice of his claim to the debtor is preferred, . . . unless he takes a later assignment with notice of the previous one." In *Graham Paper Co. v. Pembroke,* 44 L. R. A., 632 (Cal.), authorities are cited in support of the general proposition that, as between successive assignees of a chose in action, he will have the preference who first gives notice to the debtor, even if he be a subsequent assignee, provided that at the time of taking it he had no notice of prior assignment. And in the note in 31 A. L. R., 876, it is said the weight of authority supports this view. In the annotations under *Haverstick v. Sheirich,* 76 A. L. R., 917, many authorities on the question of priorities between sureties on contractors' bond and assignees of money to become due under the contract are assembled, and the holdings in different jurisdictions noted. It is not deemed necessary here to analyze or distinguish these conflicting decisions.

While the exact question here presented does not appear to have been considered by this Court, it would seem from the holding and the authorities cited in *Bank v. McCanless,* 199 N. C., 360, 154 S. E., 621,

and *Wallston v. Braswell,* 54 N. C., 137, that effect would be given to the fact of notice to and acceptance of assignment by the debtor. However, each case must be considered in the light of the facts upon which it is based, and measured by the terms of the contracts by which the parties have agreed to be bound. *Ellis v. Amason,* 17 N. C., 273; *Ponton v. Griffin,* 72 N. C., 362; *Chemical Co. v. McNair,* 139 N. C., 326, 51 S. E., 949.

In this case, however, there are three outstanding facts which tend to support the judgment of the court below in holding the equity of the plaintiff superior to that of Casualty Company:

1. The contractor completed its contract with the town, and the Casualty Company, surety, has not and will not suffer any loss by reason of its suretyship on this contract. And the fund in suit is the surplus remaining in the hands of the town after payment of all claims thereunder.

2. The money loaned the contractor by the bank, secured by assignment of funds due and to become due by the town under the contract, was for the purpose of enabling the contractor to complete the contract, thus to that extent inuring to the benefit of the surety on the contractors' bond.

3. The claim now made for the fund by the Casualty Company is based upon a loss, undetermined in amount, sustained by it by reason of its suretyship on a contract in the State of Florida, which occurred more than six months after the assignment to the plaintiff by the contractor in order to secure a loan for the purpose of enabling it to complete its contract with the town of Jackson.

The plaintiff exercised proper caution and acted after full inquiry in taking the assignment from the contractor, and neither at that time nor at any time thereafter was there default on this contract, or any liability imposed on the surety therefor, and the fact that six months therefrom the Casualty Company suffered a loss on another contract in Florida ought not to deprive the plaintiff of its right to this fund.

The fact that the surety company was not given notice of the assignment to the plaintiff should not be held determinative, under the facts of this case, since neither the right of subrogation (*Mfg. Co. v. Blaylock,* 192 N. C., 407, 135 S. E., 136; *Prairie State National Bank v. U. S.,* 164 U. S., 227), nor claim on account of default and loss, could accrue to the surety upon a contract completed by the contractor without loss or liability. The construction regulations of the Public Works Administration relative to notice to the surety were not incorporated in the contract and that Federal agency has now no interest in the disposition of the surplus fund.

In further support of the view that under the facts agreed the plaintiff was entitled to priority, it may be noted that in the contract between the Construction Company and the town of Jackson, under the caption, "Contract Not to Be Transferred," it was provided, among other things, "No right, under this contract, to any money or orders due or to become due hereunder, shall be asserted against the city or any department, officer or officers thereof, by reason of any so-called assignment, in law or equity, of this contract or any part thereof, of any money or orders payable thereunder unless such assignment shall have been authorized by the written consent of the city." While appellant construes this section to refer only to an assignment of the operative features of the contract, we think a fair construction of the phraseology employed makes it apply also to an assignment of the proceeds of the contract as distinguished from the assignment of portions thereof for purposes of subcontracting. So that it would seem that any previous agreement between the Construction Company and defendant Casualty Company in the application for bond must be subordinated to the terms of the contract between the Construction Company and the town of Jackson which brought into being any rights which the Construction Company might have, and that these rights were necessarily impressed with whatever quality or condition was given to them in the contract concurrently with their creation.

The appellant relies upon *Lacy v. Casualty Co.,* 32 Fed. (2nd), 48, where upon facts somewhat similar a different result was reached. There the surety on two contracts for state highway construction, upon the insolvency of the contractor, took over the contracts and completed one project at a loss and the other at a profit. It was held that the rights of the surety were superior to those of the contractor's assignee, in the one instance on the principle of subrogation, and in the other by reason of prior assignment to the surety. The decision in the *Lacy case, supra,* followed the ruling in *Salem Trust Co. v. Manufacturers Finance Co.,* 264 U. S., 182. In the last named case as between two assignees, where the later had made no inquiry of the debtor until after taking its assignment, it was held, as a matter of general law, that the first assignee should be preferred, under the maxim, "He who is first in time is best in right," the Court declining to follow the English rule. There it was said: "While there are contingencies which entitle the second to prevail over the first assignee, we hold that mere priority of notice to the debtor by a second assignee who lent his money to the assignor, without making any inquiry of the debtor, is not sufficient to subordinate the first assignment to the second." Also, the case of *Bank v. U. S. Fidelity & Guaranty Co.,* 9 Fed. (2nd), 326, cited by appellant,

tends to support its view as to the effect of the failure to give notice of plaintiff's assignment to the surety, based upon the facts recited in that case.

However, we are not inclined to apply the doctrine of those and other similar cases to the facts in this case, but rather to adhere to the principle stated in the cited decisions of this Court, in accord with the English rule stated in *Dearle v. Hall*, 10 Eng. Rul. Cas., 478, as affording a better reasoned approach to a just and equitable disposition of the fund here in litigation.

The recent case of *In re Wallace: Jennings v. Howard*, 212 N. C., 490, related to the assignment of a judgment by a judgment creditor to successive assignees, and it was there decided that it was not necessary to the validity of an assignment of the judgment that the assignment be recorded on the judgment docket.

A careful consideration of all the facts agreed to by the parties leads us to the conclusion that they fully support the ruling of the court below, and that the judgment must be affirmed.

Judgment affirmed.