D. P. WIKE v. THE BOARD OF TRUSTEES OF NEW BERN GRADED SCHOOLS AND UNITED STATES FIDELITY & GUARANTY COMPANY.

(Filed 20 October, 1948.)

**1. Assignments § 1—**

Remuneration which a party is to receive upon the completion of a contract is assignable, the liability of the debtor to pay the money to the assignee being merely postponed until the happening of the contingency upon which it is to become payable, at which time the assignment operates upon the fund.

**2. Assignments § 3—**

Where a contractor's performance bond contains an assignment of the contract to secure the obligations of the bond and any other indebtedness or liabilities of the contractor to the guaranty company, whether theretofore or thereafter incurred, the assignment to be effective in the event of breach of the bond or any other bond executed by the guaranty company on behalf of the contractor, specifically listing another contract for which the guaranty company had executed performance bond, the assignment is sufficient to cover moneys due under the contract for the purpose of indemnifying the guaranty company for loss sustained on such other bond because of breach in performance by the contractor.

**3. Pleadings § 28—**

Where, in an action by a contractor to recover the balance due upon completion of the work, the guaranty company which executed the contractor's performance bond is made a party and files answer alleging that it is entitled to the fund under the contractor's valid assignment of the contract to reimburse it for loss sustained on another performance bond executed for the contractor, it is error for the court to strike the answer and render judgment on the pleadings for the contractor, since the answer raises issues of fact which must be determined before the rights of the parties can be adjudicated.

STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant United States Fidelity & Guaranty Company from *Stevens, J.,* May Term, 1948, CRAVEN. Error.

Civil action to recover the sum alleged to be due on a builder's contract to construct an addition to a school building in New Bern, heard on motions (1) to strike answer of defendant guaranty company and (2) for judgment on the pleadings.

In February 1946, plaintiff and his copartner, trading as Ethridge & Wike Construction Company, contracted to construct certain apartment buildings for Dr. C. S. Barker. Defendant guaranty company, on application of the contractors, issued its performance bond, guaranteeing the performance of said contract.

In August 1946, said construction company contracted with defendant board of trustees to construct an addition to one of the Negro school

buildings in New Bern. Defendant guaranty company likewise, on application of the contractors, issued its performance bond guaranteeing the performance of this contract. The application for said bond dated 5 August 1946, executed by plaintiff and his copartner. contains the following:

"Each of the undersigned . . . hereby agrees as follows:

. . .

"Third, to assign and convey and does hereby assign and convey to the Company as collateral to secure the obligations herein *and any other indebtedness or liabilities of the undersigned to the Company, whether heretofore or hereafter incurred,* all the right, title and interest of the undersigned in and to: (a) said contract and any change, addition, substitution or new contract (including all retained percentages, deferred payments, earned moneys and all moneys and properties that may be due or become due under said contract, change, addition, substitution or new contract) . . . such assignment to be effective as of the date of the construction contract but only in event of (1) any breach of any of the agreements herein contained or of said contract or performance bond *or any other bond executed or procured by the Company on behalf of the applicant herein* . . ." (Italics added).

On 20 November 1946, Dr. Barker notified defendant guaranty company that the building contractors had defaulted in their contract with him. As a result it paid out the sum of $23,500.

Thereafter, on 12 December 1946, the contractors wrote defendant board of trustees two letters as follows:

"It is our desire that all future payments in connection with the construction of addition to the colored school in New Bern be made jointly to ourselves and Mr. John Dunn, Agent for U. S. Fidelity & Guaranty Co." Duly signed; and another of identical wording with the following added:

"We agree that Mr. John Dunn and R. L. Savage shall act as joint control agent and all withdrawals upon any funds that may be received shall be subject to the counter-signature of Mr. Dunn or Mr. Savage for U. S. Fidelity and Guaranty Co." Duly signed.

Likewise, defendant guaranty company notified the board of trustees of its claim and objected to the payment of any balance to plaintiff.

The contractors, having completed the construction of the school building, demanded payment of the balance due in the sum of $3,700.

The partnership of Ethridge & Wike Construction Co. having theretofore been dissolved by agreement under the terms of which plaintiff acquired the assets of the partnership, plaintiff Wike on 21 July 1947, instituted this action to recover said balance.

The defendant board filed answer in which it (1) admitted the balance due, (2) pleaded the above-quoted letters and notice, and (3) prayed that it be permitted to pay said sum into court subject to the final determination of the controversy in respect thereto between plaintiff and said guaranty company.

At the November Term, 1947, Harris, J., on petition of the guaranty company, entered an order making said guaranty company a party defendant to the end it might plead and assert its claim to said sum. The guaranty company thereupon filed an answer in which it pleads (1) plaintiff's default on the Barker contract and defendant's payment of $23,500 as a result thereof, (2) the assignment contained in the application for the bond covering the school building, (3) the letters from plaintiff and partner to the board of trustees and its notice of claim to said board, and (4) the action now pending in which it is seeking to recover of plaintiff and his copartner the sums expended by it by reason of their alleged default on the Barker contract. It prays that it be adjudged to be the owner and entitled to said balance of $3,700.

The $3,700 has been deposited with the clerk by the board of trustees under order of court and this action is now a controversy between plaintiff Wike and the guaranty company over the ownership of said fund. Hereinafter they will be treated as plaintiff and defendant respectively.

On 20 November 1947, plaintiff served notice on defendant that he would move the court for judgment on the pleadings and, on 4 February 1948, served another notice that he would move to strike the answer of defendant and for judgment on the pleadings.

When the cause came on for hearing in the court below on said motions, the court entered an order striking defendant's answer, rendered judgment on the pleadings for plaintiff and directed the clerk to pay said sum to plaintiff. Defendant excepted and appealed.

*H. P. Whitehurst for plaintiff appellee.*
*Whitaker & Jeffress and R. L. Savage for defendant appellant.*

BARNHILL, J. In equity a present assignment of money having a potential existence but not yet due will operate on the fund as soon as it is acquired. Hence the remuneration plaintiff was to receive for the construction of the school annex was assignable. The fact the money was not then due only operated to postpone the liability of the debtor until the contingency happened and the money became payable. *Godwin v. Bank,* 145 N. C., 320, 328; *Trust Co. v. Construction Co.,* 191 N. C., 664, 132 S. E., 804; *Bank v. Jackson,* 214 N. C., 582, 200 S. E., 444; 4 A. J., 239, 240. Restatement of the Law, Contracts, sec. 154.

The language used in the application for the school building contract performance bond is sufficient to constitute an assignment of the moneys to become due to plaintiff and his copartner as the work progressed and the balance due upon the completion of the contract.

The assignment was to secure not only the obligations assumed by the defendant under that bond, but also "any other indebtedness or liabilities of the undersigned (the contractors) to the Company, whether heretofore or hereafter incurred" by reason of the breach of that bond or "any other bond executed or procured by the Company on behalf of the applicant . . ." The Barker contract is listed in the application as one of the outstanding contracts in the process of performance. Any payment made by defendant by reason of its suretyship on plaintiff's performance bond executed in connection with that contract is secured by the assignment, and defendant alleges that the letters written to the school board were to effectuate the assignment after liability thereon had accrued.

It follows that the allegations contained in defendant's answer raise issues of fact upon which it is entitled to be heard. As these issues must be answered in order for the court to ascertain to whom the fund in controversy should be paid, the order striking the answer and the judgment on the pleadings must be held for error. *Petty v. Insurance Co.,* 210 N. C., 500, 187 S. E., 816; *Oldham v. Ross,* 214 N. C., 696, 200 S. E., 393; *Adams v. Cleve,* 218 N. C., 302, 10 S. E. (2d), 911; *Lockhart v. Lockhart,* 223 N. C., 123, 25 S. E. (2d), 465.

The order and judgment entered in the court below must be vacated and the cause reinstated on the civil issue docket for trial.

Error.

STACY, C. J., took no part in the consideration or decision of this case.