## Inheritance Tax on Employe Salary Agreements

VINCENT X. YAKOWICZ, Deputy Attorney General, September 27, 1963.—You have requested our opinion with respect to the taxability of the commuted value of monthly payments to be made to the decedent's widow

in conformity with a Salary Agreement executed by and between James W. Foxall, decedent, and Mushroom Transportation Company, Inc.

The decedent died on August 8, 1962, while the contract was in full force and effect.

Pertinent provisions of the agreement are as follows:

1. The term of the agreement is for a period of 12 years, commencing on January 1, 1955.

2. During the term of the agreement, the company will pay to Foxall the sum of $7,500 per annum in equal monthly installments for all services rendered.

3. Foxall shall serve as chairman of the board of directors of the company and shall act in an advisory capacity on all matters, and in addition thereto, shall act as general counsel of the company.

4. During the term of this agreement, Foxall shall not represent nor be interested in or connected with any other enterprise engaged in trucking transportation in the United States.

5. Foxall shall continue to receive compensation during the term of the agreement even though he shall suffer an inability during the term to render services requested.

6. In the event of the death of Foxall before expiration of the term of this agreement, the compensation provided for shall be paid to such beneficiary as he may designate either by will or by letter addressed to the company. In the absence of any designation, the compensation shall be paid to his widow or if she be dead, to his daughters or their issue or the survivor.

You have advised that the question of taxability has arisen in numerous cases involving comparable salary agreements and, therefore, our response is intended to generally cover all such agreements.

In the subject estate, the executor claims that the proceeds under the Salary Agreement are exempt from Inheritance Tax under section 316 of the Inheritance

and Estate Tax Act of June 15, 1961, P. L. 373. Section 316 provides as follows:

"Section 316. Employment Benefits. — Payments under pension, stock-bonus or profit-sharing plans to distributees designated by decedent or designated in accordance with the terms of the plan, other than the estate of the decedent, are exempt from inheritance tax to the extent that decedent before his death did not otherwise have the right to possess (including proprietary rights at termination of employment), enjoy, assign or anticipate the payments so made. The proceeds of life insurance otherwise exempt under Section 303 shall not be subject to inheritance tax because they are being paid under a pension, stock-bonus or profit-sharing plan."

You will note that section 316 specifically deals with payments under pension, stock-bonus or profit-sharing plans. In our opinion, section 316 is inapplicable to Salary Agreements such as the one in question.

In Cameron Estate, (O. C. Allegheny County) 15 D. & C. 2d 557, 560, 8 Fiduc. Rep. 195, 198 (1958), Judge Rahauser recognized this, stating:

"In the Cameron case we are not dealing with any 'Pension Trust' or 'Retirement Plan' or 'Profit Sharing Plan,' etc. but are merely dealing with a contract between a company and an employe deferring compensation agreed to be paid to an employe so that the employe may gain some benefit by spreading his earned income over a 10-year period. This deferred compensation is actually money due Mr. Cameron and, in effect, became funded by the credit of Alcoa the instant the proper officials of the company voted him additional compensation. . . ."

As was true in Cameron Estate, so is it true in the instant case that we are not dealing with payments under pension, stock-bonus and profit-sharing plans but are merely dealing with a contract between a com-

pany and an employe which provides for certain rights and duties on the part of each party.

Even were we to assume that section 316 of the 1961 Act is applicable to the instant case, the commuted value of the payments would nevertheless be taxable. Section 316 provides that the payments are exempt to the extent that the decedent would not otherwise have the right, among other things, to assign or anticipate the payments. The very terms of the contract clearly manifest the intent that Foxall had the right to anticipate the payments provided for in the contract. The company could not unilaterally terminate the contract nor could they deprive him of his rights thereunder in the absence of any breach of the contract by Foxall.

It is clear that the contract did create a "right" to the payments in Foxall, as that term is defined in the Restatement of Property, section 1, which provides:

"A right, as the word is used in this Restatement, is a legally enforceable claim of one person against another, that the other shall do a given act or shall not do a given act.

"Comment:

"a. Correlative duty. The relation indicated by the word 'right' may also be stated from the point of view of the person against whom that right exists. This person has a duty, that is, is under a legally enforceable obligation to do or not to do an act. The word 'duty' is used in this Restatement with this meaning."

Furthermore, Foxall could have "assigned" his rights and interest since an assignment is possible even though it is conditional or involves a right expected to arise in the future under a contract of employment in existence at the time of the assignment: Restatement of Contracts, sec. 150(2), 154(1), 155; Wike v. Board of Trustees of New Bern Graded Schools, 229 N. C. 370, 49 S. E. 2d 740, 742 (1948); Wolbert v. Rief, 194 Md. 642, 71 A. 2d 761, 764 (1950); Great American In-

demnity Co. v. Allied Freightways, Inc., 325 Mass. 568, 91 N. E. 2d 823, 824 (1950) ; cf. Norris' Estate, 329 Pa. 483 (1938) ; Reuben Kuhns' Estate, 163 Pa. 438 (1894).

The Probate Court of Clark County, Ohio, decided a similar problem in In Re Estate of Dolbeer, Deceased, CCH Inh., Est. & Gift Tax Rep. 319, 374 (Ohio 1962). There the testator executed a contract with the company for which he worked, under the terms of which the company agreed to pay the testator's widow or children the sum of $5,000 per annum until a total sum of $50,000 had been paid. The estate contested the imposition of inheritance tax which the Tax Commission imposed upon the payments as a transfer "intended to take effect in possession or enjoyment at or after death." The court there pointed out that it was established law in the State of Ohio that the inheritance tax is a succession tax on the beneficial interest of each heir, legatee, devisee or other beneficiary of a decedent's estate. It is not a tax on property. It is a tax upon the succession or the right and privilege to receive property. You will note the identity of reasoning with respect to the nature of the Inheritance Tax between the Ohio Opinion and a number of Pennsylvania decisions, to wit, Tack's Estate, 325 Pa. 545 (1937) ; Strode v. Commonwealth, 52 Pa. 181 (1866) ; Kirkpatrick's Estate, 275 Pa. 271 (1922) ; Shugars v. Chamberlain, 284 Pa. 200 (1925).

The court reasoned that the inheritance tax law has been interpreted to apply when death benefits are payable to designated beneficiaries under various pension and retirement plans. The basis for this is that a participant in any such plan has an economic interest or property right which vests prior to or at death. It is immaterial that there is a postponement of actual possession or enjoyment. As stated by the court in In Re Estate of Dolbeer, supra:

". . . The important question here was, what will the widow receive from the contract between her husband and the Springfield Laundry Company?

"We believe this is a beneficial interest, property, or a property right. It is this beneficial interest which our inheritance tax assesses. The tax is levied against the right of the widow to receive this beneficial interest or property right on the death of her husband and the tax is measured by the value of what is received."

It is clear from the Restatements of Law heretofore cited that the decedent in the instant case was vested and possessed of a property right. It is equally evident that this property right passed to the widow and took effect in possession and enjoyment at or after death. In Cameron Estate, 15 D. & C. 2d 557, 562, 8 Fiduc. Rep. 195, 200 (1958), it was stated:

"It is apparent that the right of Mr. Cameron in his deferred compensation contract with Alcoa could have been assigned during his life. He was in complete control of the right to his deferred compensation as long as he lived; immediately upon his death, his widow, for the first time, enjoyed the rights under this contract formerly possessed by her husband. This transfer of rights was subject to the Pennsylvania inheritance tax."

The court's reasoning is equally applicable to the instant case.

Here we have a contract for the performance and rendering of certain services. There has been no breach of the contract on the part of Foxall; on the contrary, he had fully performed all obligations and duties imposed upon him by the contract. Thus, at his death there existed an enforceable property right against the company for the payments in question.

The court in Cameron Estate further analogized the contract to an annuity spread over a term certain. Such annuity contracts are clearly taxable: Bayer's Estate, 345 Pa. 308 (1942).

The commissioner's comment to section 316 of the Inheritance and Estate Tax Act of 1961 states that the section conforms with existing law. The commissioner's comment further cites Cameron Estate, 15 D. & C. 2d 557 (1958), as representing existing law. This section and the applicable case law are discussed in Pennsylvania Inheritance and Estate Tax, Grossman and Smith, pages 194-201. Even were we to assume that section 316 is applicable (which we do not), we would be constrained to reach the same conclusion based upon the comment to the section by the Joint State Government Commission and the language of the section itself.

In view of the above authorities, you are hereby advised that the commuted value of the payments to be made in conformity with the Salary Agreement in the instant case and payments under similar Salary Agreements or comparable deferred compensation plans are subject to Pennsylvania Inheritance Tax.