Whitmire v. Savings & Loan Assoc.

ROBERT L. WHITMIRE, JR., AND BOYD B. MASSAGEE, JR., RECEIVERS OF CROFT-GESNER, INC. v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF HENDERSONVILLE AND BANK OF NORTH CAROLINA, N.A.

No. 7429SC442

(Filed 18 September 1974)

1. Receivers § 9— action by receivers — construction loan funds — summary judgment

In an action by the receivers for an insolvent corporation to recover the balance of construction loan funds being held by defendant savings and loan association wherein defendants alleged that the corporation had assigned $15,000 of such funds to defendant bank to secure payment of a loan to the corporation, the trial court properly denied defendant's motion for summary judgment where genuine issues of fact existed as to whether, at the time the corporation was placed in receivership, the houses for which the loans had been obtained had been completed or whether they were thereafter completed by someone else, whether the bank loan was made to the corporation's president as an individual rather than to the corporation, and whether the corporation had authority to pledge the construction loan proceeds as security for the bank loan.

2. Judgments § 37— res judicata — no adjudication on merits

Order entered in a receivership proceeding was not *res judicata* in an action by the receivers of an insolvent corporation to recover the balance of loan funds held by a savings and loan association for construction of houses by the corporation where the order did not purport to be an adjudication on the merits but expressly left the merits of the matter open for future adjudication.

3. Assignments § 1; Receivers § 9— action by receivers — construction loan funds — assignment — judgment on pleadings

In an action by the receivers of an insolvent corporation to recover the balance of loan funds held by defendant savings and loan association for construction of houses by the corporation, the trial court erred in the allowance of plaintiffs' motion for judgment on the pleadings where defendants alleged that, at the time the receivers were appointed, such right as the corporation had in the undisbursed construction loan funds was subject to an assignment to defendant bank to secure payment to it of a $15,000 loan, since a valid assignment may be made of money to become due in the future and defendants are entitled to attempt to prove a valid assignment.

APPEAL by defendants from *Martin (Harry C.), Judge,* 18 March 1974 Session of Superior Court held in HENDERSON County.

This action was brought by the receivers for an insolvent corporation, Croft-Gesner, Inc., to recover the balance of loan

proceeds being held by First Federal Savings & Loan Association of Hendersonville. In their complaint, plaintiffs alleged: Prior to the receivership, Croft-Gesner, Inc. contracted with certain owners of lots in a subdivision in Henderson County to construct houses on the lots. Part of the funds with which the lot owners were to pay for the houses was obtained by them from loans from defendant First Federal. Periodic payments were made from the loan proceeds to Croft-Gesner, Inc., as construction progressed. All of the funds were not disbursed and some of these funds remain in the hands of First Federal. Under the contracts between Croft-Gesner, Inc. and the lot owners, payment of the balance of the proceeds was to be made upon completion of construction. Construction of the houses has been completed, and plaintiffs have requested First Federal to deliver the remaining proceeds from said loans to them to be disbursed to the creditors of Croft-Gesner, Inc., as provided by law. First Federal has refused to do so, and plaintiffs are informed that defendant Bank of North Carolina, N.A., claims that a purported assignment was made by Robert Croft to the Bank, and for this reason the Bank has objected to delivery of these funds by First Federal to the plaintiffs. Because of this, the Bank is made a party to this action.

Defendants filed answer in which they admitted that all of the funds from the loans had not been disbursed. As a defense, defendants alleged: Simultaneously with contracting with Croft-Gesner, Inc. for construction of the houses, the lot owners delivered to First Federal written authority to disburse the construction loan funds directly to Croft-Gesner, Inc., upon inspection by First Federal appraisers. Pursuant to this authority First Federal made various inspections and disbursements to Croft-Gesner, Inc. On 19 June 1972 Robert L. Croft, President of Croft-Gesner, Inc., applied to defendant Bank to borrow $15,000.00 for the purpose of paying for materials purchased and used in construction of one of the houses. In connection with this transaction, First Federal agreed with the Bank that upon making final disbursements from the construction loans, the sum of $15,000.00 would be paid jointly to Croft-Gesner, Inc. and the Bank for the purpose of paying the loan which the Bank was about to make to the contractor. The Bank made the loan for $15,000.00 which became due in 30 days. Thereafter, Croft-Gesner, Inc., through its President, Robert L. Croft, authorized First Federal in writing to delete the name of Croft-Gesner, Inc., from the check First Federal was to make, and

Whitmire v. Savings & Loan Assoc.

directed First Federal to deliver the check directly to the Bank. First Federal inspected the properties involved and was preparing to make the final disbursement and to execute the check for $15,000.00 to the Bank, but before the check could be issued the receivership was in effect. Because of the receivership, First Federal withheld any payment to the Bank, but First Federal stands ready and willing to carry out its obligation to the Bank at any time the court approves. The Bank would not have made the $15,000.00 loan except for the agreement with First Federal, and when this transaction occurred, neither defendant had any knowledge of the intention of anyone to place Croft-Gesner, Inc. in receivership.

As an additional defense, defendants alleged that the receivers had previously made a motion in the receivership proceeding for an order directing First Federal to pay the balance of the construction loans to the receivers upon satisfactory completion of each house and that on 26 February 1973 Judge Thornburg had denied the motion. Defendants pled Judge Thornburg's order as res judicata with respect to all claims in controversy in this case.

Defendants moved for summary judgment under Rule 56 of the Rules of Civil Procedure, supporting their motion by affidavits. This motion was opposed by plaintiffs, who filed a counter-affidavit. Plaintiffs moved for judgment on the pleadings under Rule 12(c).

The court denied defendants' motion for summary judgment, allowed plaintiffs' motion for judgment on the pleadings, and ordered First Federal to deliver to plaintiffs the balance of the construction loan funds remaining in its hands, the same to be held and disbursed by plaintiffs as may be subsequently ordered by the court. Defendants appealed.

*Boyd B. Massagee, Jr. and Robert L. Whitmire, Jr., receivers, plaintiff appellees.*

*Redden, Redden & Redden by M. M. Redden for defendant appellants.*

PARKER, Judge.

[1, 2]  The court properly denied defendants' motion for summary judgment. In their answer defendants alleged that at the time Croft-Gesner, Inc. was place in receivership, First Federal

had inspected the properties involved and was preparing to make final disbursements of the loan proceeds and to execute and deliver the check for $15,000.00 to the Bank. However, from the affidavit filed by plaintiffs in opposition to defendants' motion for summary judgment, it is evident that genuine issues of fact exist as to whether, at the time Croft-Gesner, Inc. was placed in receivership, the houses had been completed or whether they were thereafter completed by someone else. This affidavit further discloses that a genuine issue of fact may exist as to whether the $15,000.00 loan was made by the Bank to Robert Croft as an individual rather than to Croft-Gesner, Inc., and as to whether Croft-Gesner, Inc. had authority to pledge the First Federal loan proceeds as security for the $15,000.00 Bank loan. Until these issues of fact are resolved in defendants' favor, defendants would not be entitled to judgement on the merits as a matter of law. Nor were defendants entitled to summary judgment on their plea of res judicata. Examination of Judge Thornburg's order of 26 February 1973 which furnished the basis of defendants' plea reveals that, in addition to denying the receivers' motion, it directed First Federal not to disburse any remaining loan proceeds in its hands, "until the controversy involved is adjudicated or terminated according to law." Thus, the order did not purport to be an adjudication on the merits but expressly left the merits of the matter open for future adjudication. We see no reason why the present litigation is not an appropriate proceeding for that purpose. In any event, it is clear that Judge Thornburg's order does not foreclose this and that defendants were not entitled to summary judgment on their plea of res judicata. In the denial of defendants' motion for summary judgment we find no error.

[3] We do find error, however, in the allowance of plaintiffs' motion for judgment on the pleadings and in the order directing First Federal to deliver the remaining proceeds from the construction loans to the receivers. It is true that by express statutory provision "[a]ll of the real and personal property of an insolvent corporation, wheresoever situated, and all its franchises, rights, privileges and effects, upon the appointment of a receiver, forthwith vest in him, and the corporation is divested of the title thereto." G.S. 1-507.3. However, "[i]n the very nature of things, the receiver takes the property of the insolvent debtor subject to the mortgages, judgments, and other liens existing at the time of his appointment." *Surety Corp. v. Sharpe,* 236 N.C. 35, 50, 72 S.E. 2d 109, 123 (1952). In the present

Furniture Corp. v. King-Hunter, Inc.

case, defendants have alleged in their answer that at the time the receivers were appointed, such right as the insolvent corporation had in the undisbursed balances of the construction loans was subject to an assignment to the Bank to secure the payment to it of the $15,000.00 loan. A valid assignment may be made of money to become due in the future, *Wike v. Guaranty Co.*, 229 N.C. 370, 49 S.E. 2d 740 (1948) ; *Bank v. Jackson*, 214 N.C. 582, 200 S.E. 444 (1939), and we see no reason why defendants are precluded from attempting to prove a valid assignment in this case. Whether they can successfully do so, and whether and in what manner the rights of the parties may be affected by the provisions of Article 9 of the Uniform Commercial Code, G.S. 25-9-101 et seq., can only be determined after the evidence is presented. We hold only that it was error to grant judgment for the plaintiffs on the pleadings.

Insofar as the order appealed from denies defendants' motion for summary judgment, it is affirmed. Insofar as it grants plaintiffs' motion for judgment on the pleadings and insofar as it directs First Federal to pay the balance of the construction loan proceeds to plaintiffs, it is reversed.

Affirmed in part.

Reversed in part.

Judges CAMPBELL and HEDRICK concur.