### EDWARDS LUMBER AND LAND COMPANY v. P. H. SMITH AND SMITH REALTY COMPANY.

(Filed 21 April, 1926.)

**1. Contracts—Options—Lands—Specific Performance—Damages.**

A contract to purchase land provided the bargainor could give title to a certain acreage, is a unilateral contract or option, and upon his inability to make good title, he is neither compellable in equity to specifically perform, or liable in damages for his failure to do so.

**2. Same—Tender of Purchase Price—Notice of Acceptance.**

The proposed purchaser of lands under an option is required to make tender of the purchase price within the terms of the contract, and his mere notice of acceptance is insufficient.

BROGDEN, J., took no part in the decision of this case.

APPEAL by plaintiff from *Grady, J.,* at September Term, 1925, of DURHAM. Affirmed.

Action for specific performance of contract to convey land, with abatement of purchase price, or for damages for breach of said contract. The execution of the contract as alleged in the complaint was admitted; defendant denied its breach. In defense defendant alleged an offer of full performance by him, in accordance with the terms of the contract, and the refusal by plaintiff to accept said offer. At the close of all the evidence, upon motion of defendant, judgment of nonsuit was entered. From said judgment plaintiff appealed.

*Fuller, Reade & Fuller, McLendon & Hedrick, and Brawley & Gantt for plaintiff.*
*Manning & Manning for defendant.*

CONNOR, J. On 23 May, 1923, defendant, P. H. Smith, for and in consideration of $50, agreed in writing, signed by him, to sell and convey to plaintiff, by good and sufficient deed, in fee simple, with full covenants of general warranty of title, certain lands situate in Durham County, described by metes and bounds, as lot No. 1, and lot No. 2, for the sum of $16,000, "provided that seller can give title," and "provided, however, said party of the second part (plaintiff) accepts said offer on or before 5 July, 1923. If not accepted on or before said date, I (defendant, P. H. Smith), am no longer bound to sell, or party of second part (plaintiff) bound to buy, and this agreement and option expires by its limitation as above." Some ten days thereafter plaintiff notified defendant that it would accept said offer, and requested defendant to convey lot No. 1 to L. P. McLendon and N. D. Bitting, and lot No. 2 to plaintiff.

LAND CO. *v.* SMITH.

Upon receipt of said notice, defendant requested the Durham Loan and Trust Company to execute a deed, conveying the land described therein to the Smith Realty Company. This deed was executed on 6 June, 1923, and was duly recorded. Thereafter, at defendants' request, the Smith Realty Company executed a deed conveying the land described therein, which was a part of the land conveyed to it by the Durham Loan and Trust Company to L. P. McLendon and N. D. Bitting. This deed was tendered to plaintiff, and Messrs. McLendon and Bitting, who declined to accept same. The land conveyed in the last mentioned deed is the same land as that referred to as lot No. 1 in the contract between plaintiff and defendant. The part of the land conveyed to Smith Realty Company by the Durham Loan and Trust Company, not included in the deed to McLendon and Bitting, is the same land as that described in the contract as lot No. 2. By reason, however, of difference in the lengths of the boundary lines as contained in said descriptions, the area of the land described in the deed from Smith Realty Company to McLendon and Bitting, is less than the area of lot No. 1, as described in the contract; for the same reason, there is a deficiency in the area of the lot conveyed by the Durham Loan and Trust Company to Smith Realty Company, which is the same land as that described in the contract as lot No. 2. It appears from the evidence that defendant is unable to give title to all the lands described in the contract, by the deed executed by the Durham Loan and Trust Company to the Smith Realty Company. There was no evidence that defendant had or could give title from any source to that portion of the land as described in the contract which was not included in the descriptions contained in the deed to the Smith Realty Company.

Plaintiff contends that there was a breach of the contract between plaintiff and defendant, for that defendant failed to convey to its assignees, Messrs. McLendon and Bitting, all of lot No. 1, or to plaintiff all of lot No. 2, as described in the contract, by good and sufficient deeds in fee simple, with full covenants of general warranty of title, as he had contracted to do. If, however, defendant was unable to give title by such deeds, he was relieved of any obligation to do so, by the express words of the first proviso in the contract. He contracted to so convey, provided he could give title. If, as plaintiff alleged and contended, defendant was unable to give title, there was no contract for the breach of which plaintiff was entitled to recover damages, or of which the court could decree specific performance. The contention of plaintiff that the first proviso could be invoked only for its protection cannot be sustained. It constitutes one of the terms upon which defendant entered into the agreement with plaintiff to sell and convey the land described in the contract. Plaintiff acquired no rights under the contract, unless

defendant was able to give title to the land by deed as set out in the contract. It needed no protection, for it was not bound until by its voluntary act it accepted the offer of defendant to sell as set out in the agreement. The contract is an option; its obligation, until acceptance of the offer by plaintiff, is unilateral.

While there was evidence that plaintiff notified defendant that it would accept the offer to sell and convey the land described in the contract, there was no evidence from which the jury could have found that plaintiff tendered defendant the purchase price of the land, in cash and notes, as provided in the contract. Defendant was not bound by a mere notice of acceptance of his offer as contained in the option, unaccompanied by a tender of the purchase price. *Hudson v. Cozart,* 179 N. C., 247. A party to a contract, in order to maintain an action for damages for its breach, or for specific performance, if it be such a contract as will be enforced specifically by the court, must both allege and prove performance by him, or a waiver of performance by the party against whom relief is sought. There was no evidence at the trial of this action that plaintiff had performed his part of the contract or that defendant had waived such performance. There was no error in allowing the motion for nonsuit. The judgment is

Affirmed.

BROGDEN, J., took no part in the decision of this case.