JOSEPH KOTTLER v. OLIVER V. MARTIN AND WIFE, CARRIE F. MARTIN.

(Filed 14 January, 1955.)

1. **Vendor and Purchaser § 5a—**

   In North Carolina there is no statute which requires the exercise or acceptance of an option to be in writing.

2. **Vendor and Purchaser § 19a—**

   Whether tender of the purchase price is a prerequisite to the exercise of an option depends upon the agreement of the parties as expressed in the instrument.

**3. Same—**

> The lease in suit granted lessee, in consideration of the payment of all rentals theretofore due, the right to elect to purchase the land at a specified price at any time during the term of the lease. *Held:* Tender of the purchase price was not prerequisite to the exercise of the option, but notice by lessee to lessors during the term of the lease is sufficient, and entitles lessee. to deed upon payment of the purchase price stipulated.

Appeal by defendants from *Sharp, Special Judge,* March Civil Term 1954 of Cabarrus.

Civil action to enforce specific performance of an option to purchase certain real property described in a lease dated 20 October 1950 by and between Joseph Kottler, the plaintiff, and Oliver V. Martin and wife, Carrie F. Martin, the defendants, and duly recorded in the office of the Register of Deeds of Cabarrus County.

In the lease and option the defendants are the parties of the first part, and the plaintiff is the party of the second part. The pertinent parts of the lease and option are:

"Witnesseth: That subject to the terms and conditions hereinafter set forth, said parties of the first part do hereby let and lease unto the said party of the second part and said party of the second part does hereby accept as tenants of said parties of the first part a certain tract or parcel of land, lying and being in Cabarrus County, N. C., and described as follows:" (Description of land omitted).

"Party of the second part shall take possession of the property on or before the 20th day of October, 1950 and shall pay to parties of the first part the sum of $50.00 per month for the first year, the sum of $60.00 per month for the second and third years, payable the 20th day of each month beginning October 20th, 1950.

"Unless sooner terminated by the prior sale and purchase of said premises as hereinafter set forth, this contract shall exist for and continue until October 20th, 1953.

"And it further agreed that provided all rentals theretofore due have been paid, party of the second part may at any time during the term of this lease elect to purchase said property at the sum of $6700.00. If the sale is made during the first year the sum of $10.00 per month, the time party of the second part has paid rent, shall be counted as part of the purchase price and if made during the second and third years the sum of $30.00 per month shall be counted as part of the purchase price. If the purchase is made at the end of the three years of this lease then the total of $820.00 shall be given as credit toward the purchase price of $6700.00. For every month's rent paid during the first year the sum of $10.00 per month shall be given credit toward the purchase price and $30.00 per month during the second and third year."

At the close of the plaintiff's evidence the defendants moved for judgment of nonsuit. The motion was overruled, and the defendants excepted. This is their exception No. One.

The defendants offered no testimony.

The plaintiff and the defendants, through their counsel, stipulated and agreed that the jury should answer the issues submitted to them as appears below:

"1. Did the defendants execute and deliver to the plaintiff the option in writing as described in the complaint? Answer: Yes.

"2. Did the plaintiff notify the defendants of his election to exercise the option during the lease period? Answer: Yes.

"3. Was the plaintiff ready, able and willing to comply with the terms of the option as alleged in the complaint? Answer: Yes.

"4. Has the plaintiff been, up to and including the present time, ready, able and willing to comply with the terms of the option to purchase the real property described in the option in accordance with the terms of said option? Answer: Yes.

"5. Has the plaintiff ever offered to the defendants in cash or in certified checks the purchase price specified in the option? Answer: No.

"6. Have the defendants ever tendered to the plaintiff a deed for the real property described in the option? Answer: No."

The court entered judgment upon the verdict as follows:

"Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the defendants comply with the terms of the contract as set forth in the pleadings and execute and deliver to the plaintiff a good and sufficient warranty deed for the real property described in the option, upon the payment to them by the plaintiff of the purchase price as set forth in said agreement, (the amount being $5897.99, making allowance for rent and taxes); and that the defendants be reimbursed for *ad valorem* taxes paid for the year 1953 in the amount of $22.01.

"It appears to the court that the sum of $5897.99 has been deposited in the office of the Clerk of the Superior Court since the 20th day of October 1953, and that the additional sum of $22.01 has this day been paid into the office of the Clerk, making a total of $5920.00 due the defendants, and that the said sum is available to the defendants in discharge of the plaintiff's obligation under the terms of this judgment."

The defendants excepted to the ruling of the court as contained in the judgment, and to the signing of the judgment. This is their exception No. Two.

The defendants appeal, assigning error.

*John Hugh Williams for Plaintiff, Appellee.*
*Hartsell & Hartsell and William L. Mills, Jr., for Defendants, Appellants.*

KOTTLER *v.* MARTIN.

PARKER, J. The essence of the defendants' argument is this: the option must be construed strictly in favor of the makers, and since the plaintiff stipulated that the jury should answer the issue: "Has the plaintiff ever offered to the defendants in cash or in certified checks the purchase price specified in the option?": "No," the plaintiff is not entitled to specific performance, because tender of the purchase price was essential.

The general rule governing the question presented for decision is thus stated in 55 Am. Jur., Vendor and Purchaser, Sec. 41: "Where the option by its express terms requires that the payment of the purchase money or a part thereof accompany the optionee's election to exercise the option, the making or tender of the payment specified, unless waived by the optionor, is a condition precedent to the formation of a contract to sell. On the other hand, the terms of the option may require merely that notice be given of the exercise thereof, and may not require the payment of the purchase money in order to exercise the option. . . . Whether the purchase price or a part thereof must be paid or tendered in order to exercise an option is, therefore, a matter of construction of the particular option involved." See Anno. 101 A.L.R. 1432.

"Where an option contract provides for payment of all or a portion of the purchase price in order to exercise the option, to entitle the optionee to a conveyance he must, as a rule, not only accept the offer but pay or tender the price within the prescribed time, but payment or tender is not essential unless it is a condition precedent." 66 C.J., Vendor and Purchaser, Sec. 24 (2).

"The 'exercise' of an option is merely the election of the optionee to purchase the property." 66 C.J., Sec. 21. "Except where required by statute to be in writing, an option may be exercised or accepted orally unless the contract requires a written acceptance, in which case a verbal notice is not sufficient." 66 C.J., Sec. 22. In North Carolina there is no statute which requires the exercise or acceptance of an option to be in writing, and the option in the case here makes no such requirement.

This Court said in *Winders v. Kenan,* 161 N.C. 628, p. 634, 77 S.E. 687: "The acceptance must be according to the terms of the contract, and if these require the payment of the purchase money or any part thereof, precedent to the exercise of the right to buy, the money must be paid or tendered, and a mere notice of an intention to buy or that the party will take the property does not change the relations of the parties." This case was an action to compel specific performance. The instrument provided that "upon the payment of $10,000, $2,000 of which is to be paid 1 April 1905, and the remainder in four annual payments, etc." It was held that the right to buy could not be exercised until payment or tender of the purchase price is made.

In *Gaylord v. McCoy,* 161 N.C. 685, 77 S.E. 959, the instrument provided "and it is further understood and agreed that if the said George O. Gaylord and his heirs and assigns shall not demand of the undersigned parties the deed herein provided for, and tender payment as herein provided for, on or before 3 November 1909, then this agreement to be null and void, etc." Tender was held to be required.

*Hudson v. Cozart,* 179 N.C. 247, 102 S.E. 278, was an action to enforce specific performance of a contract to convey a parcel of land, pursuant to an option to purchase the same. The option provided for the execution and delivery of a deed on 15 March 1916, provided, and upon condition that the purchase price was paid in cash on the same day. Tender of the money was held essential.

For other cases where the contract required that the payment of the purchase money, or a part thereof, accompany the optionee's election to exercise the option, and that payment or tender is requisite see: *Trogden v. Williams,* 144 N.C. 192, 56 S.E. 865; *Land Co. v. Smith,* 191 N.C. 619, 132 S.E. 593 (which cites as its sole authority *Hudson v. Cozart, supra*).

*Trust Co. v. Frazelle,* 226 N.C. 724, 40 S.E. 2d 367, was a civil action to enforce specific performance of an option to purchase certain real property described in a lease. The option contained these words: "The party of the second part agrees to pay the purchase price upon receipt of said deed." In this case the Court said: "The defendants also contend that there was no tender of the purchase price as required under the decisions of this Court, citing *Land Co. v. Smith,* 191 N.C. 619, 132 S.E. 593, and similar cases. We do not so hold. The option does not require payment or tender of the purchase price until a deed for the premises is delivered to the plaintiff."

See Anno.: 101 A.L.R., p. 1437 *et seq.* for cases holding tender or payment not necessary.

The option in this case provides that the plaintiff "may at any time during the term of this lease elect to purchase said property at the sum of $6,700.00." The lease here does not provide when the payment of the purchase price is to be made. The jury found, according to stipulation of the parties, that the defendants have never tendered to the plaintiff a deed for the property described in the option. It is to be observed that the option right involved here is not a mere offer without consideration of the privilege of purchasing the property within a specified time which might have been withdrawn at any time by the lessors before acceptance. Here there was a valuable consideration moving from the lessee to the lessors; the payment by the lessee of all rentals theretofore due was the consideration for his irrevocable right to purchase the leased premises at the specified price, if he should elect to do so. Therefore, payment or tender of the purchase price by the plaintiff is not requisite under the

language of the option, until a good and sufficient deed for the real property described in the option is tendered by the defendants to the plaintiff.

*Cates v. McNeil,* 169 Cal. 697, 147 P. 944, was an action wherein a lease provided that the lessee, after having paid the rent for a specified number of years should then have the option to purchase the property at a specified price per acre. What the Court said in this case is appropriate here: "There is nothing in the option clause which requires payment of the price of the land to be made or tendered when the option right is exercised in order to constitute an acceptance. Payment may or may not be made an essential condition to the exercise of such a right, just as the parties see fit to provide for in the option agreement. But nothing is said about payment in the option clause here. It is not even mentioned. What the respondents acquired under the option clause was an irrevocable right of option to purchase the property at a specified price if they should at the end of ten years elect to do so, and all that was necessary on their part to do, as far as the terms of the option are concerned, in order to constitute a binding contract for the sale and purchase of the premises, was to give notice of their acceptance of the right. This they did. Payment of the purchase price at that time was not a condition required by the option, and it is not for the court to incorporate terms in it which the parties to it did not incorporate or even mention. Of course, payment would be essential before respondents would be entitled to a conveyance of the land, but that is a matter pertaining to the performance of the contract of purchase and sale which has been created by the acceptance."

The plaintiff and the defendants stipulated that the jury should find by its verdict that the plaintiff notified the defendants of his election to exercise the option during the lease period, that the plaintiff is ready, able and willing to comply with the terms of the option, and that the defendants have never tendered a deed for the premises to the plaintiff.

In accord with the jury's verdict it is the duty of the defendants to prepare and tender to the plaintiff a good and sufficient deed for the real property set forth in the option. *Crotts v. Thomas,* 226 N.C. 385, 38 S.E. 2d 158, and cases cited.

The assignment of error as to the denial of the defendants' motion for judgment of nonsuit is overruled. The assignment of error as to the signing of the judgment is without merit, because the judgment is supported by the record. *Lea v. Bridgeman,* 228 N.C. 565, 46 S.E. 2d 555.

In the trial below we find

No error.