Alvin Taylor Secretary, Department of Health and Rehabilitative Services Tallahassee
QUESTION:
What is the responsibility of the Department of Health and Rehabilitative Services pursuant to s. 827.09, F. S., in reporting and investigating corporal punishment of a developmentally disabled person in a public education program?
SUMMARY:
Until judicially or legislatively determined to the contrary, the conditions set forth in s. 827.09(4), F. S., which include corporal punishment and which are considered to be evidence of maltreatment, relate to, and are to be used in, the determination as to whether a report of abuse must be filed. The authority and duty of the Department of Health and Rehabilitative Services to investigate are contingent upon and arise with the filing of such a report of abuse. Once, however, such a report has been filed with the department, the department must investigate. If, upon examining the evidence, the department determines that there is probable cause that an act of abuse occurred, the department is required to notify the state attorney.
The following opinion is expressly limited to a consideration of the responsibilities and authority of the Department of Health and Rehabilitative Services under the provisions of s. 827.09, F. S.
Section 20.19(1)(b), F. S., states that it is the purpose of the Department of Health and Rehabilitative Services (hereafter the department) to, inter alia, prevent or remedy the neglect, abuse, or exploitation of children and of adults unable to protect their own interests. Section 827.09, F. S., as amended by ch. 80-293, Laws of Florida, provides for reporting the abuse of disabled or aged persons to the department. The purpose of the statute is:
 . . . to provide for the detection and correction of the abuse or maltreatment of disabled persons or individuals suffering from the infirmities of aging whose health and welfare are adversely affected or further threatened by the abusive conduct of others. It is intended that the mandatory reporting of such cases will cause the protective services of the state to be brought to bear in an effort to prevent further abuse and to protect and enhance the welfare of disabled persons or individuals suffering from the infirmities of aging. [Section 827.09(2), F. S.]
 See s. 827.09(1)(a), which defines `disabled person' for the purposes of the statute as `any person who suffers from a condition of mental retardation, epilepsy, cerebral palsy, mental illness, or other disability which causes the person to be substantially unable to protect himself from the abusive conduct of others.' See also s. 15, ch. 79-298, Laws of Florida, deleting the word `developmentally' which had preceded the term `disabled person' in the statute.
Section 827.09(3)(a), F. S., requires:
 Any person, including, but not limited to, any physician, psychologist, nurse, teacher, social worker, employee of a public or private facility serving disabled or aged persons, or parent of such disabled person or individual suffering from the infirmities of aging who has reason to believe that a disabled person or individual suffering from the infirmities of aging has been subjected to abuse shall report, or cause reports to be made, to the [D]epartment [of Health and Rehabilitative Services, s. 827.09(1)(e)]. When the attendance of any person with respect to a disabled person or individual suffering from the infirmities of aging is pursuant to the performance of services as a member of a staff of a hospital, training center, clinic, school, or similar facility, he shall also notify the person in charge of the facility or his designated delegate, who shall also report or cause reports to be made in accordance with the provisions of this section. (Emphasis supplied.)
Cf. s. 1.01(3), F. S., generally defining `person.' See AGO 078-144, wherein this office stated that s. 827.09(3)(a) clearly imposed a specific duty upon state employees who witnessed a co-worker's abuse of a child committed to the state at Sunland Training Center to report the incident, or cause it to be reported, to the Department of Health and Rehabilitative Services.See s. 827.09(5) regarding the nature and content of the reports.
Section 827.09(4), F. S., prescribes the conditions to be considered prior to the submission of a report of abuse. Among those items considered to be evidence of maltreatment in determining whether a report should be made to the department are `[c]ruel and unusual disciplinary practices and procedures, including, but not limited to, corporal punishment . . . .' Section 827.09(4)(b)1. The conditions set forth in s. 827.09(4) thus are to be sued before a report of abuse is made in determing whether such a report must be filed with the department.
It is only upon the filing of a report of abuse with the department that the department's authority and duty to investigate are activated. Once, however, a report of abuse has been received by the department, s. 827.09(6), F. S., provides that `the department shall cause an immediate investigation to be made.' Thus, having received a report of abuse, the department is under a mandatory duty to investigate the alleged incident of abuse. Cf. Florida Tallow Corporation v. Byron, 237 So.2d 308 (4 D.C.A. Fla., 1970) (word `shall' when used in statute or ordinance has, according to its normal usage, a mandatory connotation); Harper v. State, 217 So.2d 591 (4 D.C.A. Fla., 1968), writ discharged,224 So.2d 684 (Fla. 1969); and Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (1 D.C.A. Fla., 1963). The department is also required, within 24 hours of receiving such a report of abuse, to notify, verbally or in writing, the appropriate human rights advocacy committee, as established pursuant to s. 20.19(7), F. S., that an alleged abuse has occurred. Section 827.09(6). Section 827.09(6), F. S., further provides that, if the department, having investigated the report of abuse, determines that there is probable cause that an act of abuse occurred, the department shall notify the state attorney. While the statute provides that the use of corporal punishment is evidence of maltreatment before a report is required, once a report has been filed with the department, the use of corporal punishment is not, of itself, determinative whether a disabled or aged person has been the subject of abuse. Section 827.09(1)(b) specifies what constitutes `abuse' and `maltreatment' for the purposes of the statute, defining those terms to mean `neglect, malnutrition, physical or psychological injury inflicted other than by accidental means, and failure to provide necessary treatment, habilitation, care, sustenance, clothing, shelter, supervision, or medical services.' See also s. 827.09(1)(c), defining `abused person.' Any determination of probable cause by the department that a disabled or aged person has been abused should be based upon the foregoing statutory provision of `abuse.' See Ervin v. Capital Weekly Post, Inc., 97 So.2d 464 (Fla. 1957); Vocelle v. Knight Bros. Paper Co., 118 So.2d 664 (1 D.C.A. Fla., 1960) (when a statute contains the definition of a word, that meaning must be ascribed to the word whenever it is repeated in the same statute, unless a contrary intent clearly appears); and Richard Bertram Co. v. Green, 132 So.2d 34 (3 D.C.A. Fla., 1961), cert. denied,135 So.2d 743 (Fla. 1961).
Prepared by: Joslyn Wilson, Assistant Attorney General