## CIRCUIT COURT OF THE CITY OF RICHMOND

James A. Jordan

v.

Douglas W. Conner

January 10, 1991

Case No. LS-1508

By JUDGE MELVIN R. HUGHES, JR.

In this case, the parties' differences center around their agreement to construct and own a pier for their joint use. On December 17, 1990, the matter was brought on for argument on the parties' cross motions for summary judgment according to stipulations. The central issue is whether an option is exercisable upon notice or upon payment.

Plaintiff (Jordan), defendant (Conner), and McGeorge, who is not a party to this proceeding, are adjoining landowners of river front property in Richmond County, Virginia. On July 31, 1987, they all agreed to construct a pier for their joint use and agreed that Conner would have an option to purchase the interests of the others. Paragraph 6 of the agreement covers the terms of the option and reads as follows:

> The parties agree that Conner has the right, at any time and for whatever reason, at his sole option, to purchase the interest of McGeorge and Jordan, whatever it may be, upon payment to them of their original investment (not to include any amount paid for repairs) in the pier without any reduction.

Jordan and Conner also owned a sailboat which they had purchased together. On March 29, 1989, Conner wrote a letter to Jordan. In the letter, Conner said he wanted to sell the jointly-owned sailboat, and in second paragraph, Conner said, "once the boat is sold, I would like to buy you [Jordan] and [McGeorge] out of the pier." Jordan and Conner later agreed on October 8, 1989, to sell the sailboat to a third party. The purchase price of the sailboat was $54,000.00, $4,000.00 of which was paid by deposit and the balance covered by a note to be paid in January, 1990. In December, 1989, the pier was destroyed by ice. The balance of the purchase price was paid to Jordan and Conner in February, 1990, and after the pier was destroyed. Jordan contends the letter constitutes written notice of Conner's intention to purchase the interest of Jordan and McGeorge and is sufficient to create a binding contract of purchase. Conner, on the other hand, argues the letter only announces an intention to exercise the option not binding until tender of payment which was not done before the pier was destroyed and has not been done since. Conner asks that Jordan pay one-third of the cost of removing the pier under the terms of the July 31, 1987, agreement. The parties agree that Jordan's interest in the pier is $5,527.00, and the cost of removing the pier was $2,000.00. Again, the issue the circumstances give rise to is whether the March 28, 1989, Conner's letter creates a binding contract. If it does not, then the terms of the July 31, 1987, contract control to require that Jordan pay his share of the cost of removing the pier.

An option has been described as a contract, by which the owner of property agrees that another shall have a right to buy it at a fixed price within a certain time. *Shirley v. Van Every*, 159 Va. 762, 770 (1933). The problem here is whether in exercising the option it is essential that Conner pay or tender the purchase price at the same time when the option agreement does not impose any specific time for payment. What also must be determined is whether a contract of purchase and sale was effected by an acceptance of the continuing offer the option provides without payment at the same time. Whatever is required should be determined by the option instrument because it is a contract which when exercised gives an irrevocable contract

to sell if the other party elects to purchase, *Wood v. Wood*, 216 Va. 922 (1976).

Jordan, Conner, and McGeorge agreed that Conner "has the right . . . to purchase" the interest of the others "upon payment to them . . ." of their original investment in the pier. Because the option does not expressly specify a means or method of exercising the "right to purchase," the critical words are "upon payment." According to *The Living Webster Encyclopedia Dictionary of the English Language* (1971), "upon" is defined as synonymous with "on" when used as a preposition and with "on" when used as an adverb. It defines "payment," a noun, as the act of paying, whatever is paid. By definition, "upon" used here with "payment," is not to describe a verb or adjective and thus is not an adverb in this context. Rather, "upon" is used as a preposition in relation to a noun, "payment." From the many definitions of "on," used prepositionally, most closely applicable here the word means dependent, grounded, or with reference or with respect to. Accordingly, by this analysis, it can be seen that the right to purchase is actuated by payment, according to Conner's view.

Both parties discuss two cases, one from Virginia and another from North Carolina to support their positions. In *Crowder v. Commonwealth*, 202 Va. 871 (1961), the Commonwealth of Virginia had an option to purchase a tract of land at any time within 120 days for the sum of $12,000.00 "payable by check when the deed is recorded." Construing the agreement on facts involving the Commonwealth's giving notice but not payment within the prescribed period, the Court found a binding contract to sell and found the tender of payment was not necessary to the exercise of the option. *Id.* at 74. In *Kottler v. Martin*, 85 S.E.2d 314 (N.C. 1955), the Court held that, if the terms of the option require payment, notice was not enough to exercise the option. The Court interpreted the options term "upon the payment of Ten Thousand Dollars ($10,000.00), $2,000.00 of which is to be paid the first day of April . . ." to mean the parties intended the whole payment and not notice to exercise the option. Here, we are dealing with a situation unlike that in *Crowder* because there the Court held that upon notice given within the prescribed period, a contract formed. According to the option terms

in *Crowder*, payment was to be made after the deed was recorded, not that payment had to be done first before the option was exercised. Recording the deed in *Crowder* only set the time for payment called for after the option had already been exercised within the time specified by the parties, binding the seller to sell on notice already given. Here, the method by which the option is to be exercised is specified by the term "upon payment" and is not a term upon which the transaction is to be consummated as in *Crowder*, as Jordan argues.

I think this is not a situation of language ambiguity calling for construing language against Conner, a lawyer, who drafted the agreement. The language used by the parties is plain and its meaning readily ascertained by its content, *Wilson v. Holyfield*, 227 Va. 184, 187 (1984); *Pierce v. Plogger*, 223 Va. 116, 120 (1982).

Accordingly, Conner's motion prevails and Jordan is required to pay his share of the cost of the pier removal.