SHARPE v. SHARPE

[150 N.C. App. 421 (2002)]

BENNY HALL SHARPE, WALTER LEE SHARPE, RONALD EDWARD SHARPE, LINDA SHARPE GOODIN AND MARTHA SHARPE GOODIN, PLAINTIFFS v. CAROLYN GREGORY SHARPE, AS EXECUTRIX OF THE ESTATE OF EDITH C. SHARPE, LARRY W. SHARPE, ELIZABETH SHARPE, BENNY HALL (BUTCH) SHARPE, JR., WESLEY SHARPE, JOHN MILTON SHARPE, DAVID EDWARD GOODIN, (NAMED AS DAVID SHARPE IN WILL), HENRY DANIEL GOODIN (NAMED AS HENRY MELTON SHARPE IN WILL), JASON SCOTT GOODIN (NAMED AS JASON EDWARD GOODIN IN WILL), CONNIE IRENE SHARPE, DEANNA SHARPE BODENHEIMER (NAMED AS DEANNA SHARPE IN WILL), KRISTA NICOLE SHARPE, TERRELL LARRY SHARPE, BRENT ALEXANDER SHARPE, AND TRINA RAYE SHARPE, ALL AS RESIDUAL BENEFICIARIES UNDER THE LAST WILL AND TESTAMENT OF EDITH C. SHARPE, DEFENDANTS

No. COA01-783

(Filed 21 May 2002)

**Real Property— option to purchase—timely exercise of option—timely tender of purchase price**

The trial court properly granted summary judgment for defendants in a declaratory judgment action in which plaintiffs claimed that defendant Larry Sharpe failed to exercise an option in a will to purchase land and that the land passed to the residual beneficiaries. The option merely required that Mr. Sharpe give notice that he had elected to purchase the land within six months and did not require that he tender the purchase price during that period. Mr. Sharpe timely exercised his option by a letter to the executrix and tendered the purchase price within a reasonable time under the circumstances, which included a delay of 33 months for plaintiffs' legal proceedings.

Appeal by plaintiffs from judgment filed 2 May 2001 by Judge Larry G. Ford in Iredell County Superior Court. Heard in the Court of Appeals 27 March 2002.

*McElwee Firm, PLLC, by William H. McElwee, III and Elizabeth K. Mahan, for plaintiffs-appellants.*

*Eisele, Ashburn, Greene & Chapman, P.A., by John D. Greene, for defendants-appellees.*

WALKER, Judge.

The decedent died on 20 March 1997. Her Last Will and Testament (the Will) named Carolyn G. Sharpe (the Executrix) as the Executrix of her estate. The Will devised the following in part:

ITEM III. I hereby direct my hereafter named Executor to sell to my nephew, Larry W. Sharpe, at his option, either or both of the following described tracts of land for a total price of Eight Hundred ($800.00) Dollars per acre: The thirty-eight (38) acre tract of land in Concord Township, Iredell County, North Carolina, which adjoins the above mentioned homeplace, and the forty (40) acre tract, more or less, located in Concord Township, Iredell County, North Carolina, known as the "Stone place." In the event my said nephew elects to purchase either of said tracts of land, the purchase price shall be Eight Hundred ($800.00) Dollars per acre, and my hereafter named Executor is directed and authorized to execute and deliver a good and sufficient deed of conveyance for said property upon payment of said purchase price. The option of my said nephew to make the above mentioned purchase or purchases shall remain open for six (6) months from the date of qualification of my hereafter named Executor.

Ms. Sharpe qualified as Executrix on 7 April 1997. On 15 May 1997, Larry W. Sharpe (Mr. Sharpe) sent a letter to the Executrix exercising his option to purchase the two tracts of property.

On 29 September 1997, plaintiffs filed a caveat proceeding challenging the Will and an order was entered suspending proceedings in relation to the estate. On 26 October 1998, the parties entered into a settlement agreement with regard to the caveat proceeding.

On 12 November 1997, while the caveat proceeding was pending, plaintiffs filed an action seeking to remove the Executrix. On 19 January 2000, the trial court entered summary judgment in favor of defendant allowing the Executrix to remain. On 5 April 2000, plaintiffs filed a complaint against the Executrix alleging breach of fiduciary duty. On 27 April 2000, plaintiffs entered into a settlement agreement with the Executrix which joined the other beneficiaries of the Will. Pursuant to the settlement agreement, plaintiffs voluntarily dismissed with prejudice both the complaint seeking to remove the Executrix and the breach of fiduciary duty action on 10 August 2000.

On 31 July 2000, Mr. Sharpe delivered a letter to the Executrix in which he stated that he was "reaffirming my intention of exercising my option to purchase the land as described in Edith Sharpe['s] will." He requested a survey of the tracts of land. Therefore, the Executrix transferred the tracts of land to Mr. Sharpe by deed dated 14 September 2000 and recorded on 18 October 2000.

On 24 October 2000, plaintiffs filed the present declaratory judgment action claiming that Mr. Sharpe failed to tender the purchase price for the land by 5 December 1998, thereby losing the right to purchase the land. Thus, plaintiffs claimed the land passed to the residual beneficiaries under the Will. Both parties filed motions for summary judgment. On 2 May 2001, the trial court filed an order granting summary judgment in favor of defendants and dismissing the case.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). By both parties filing motions for summary judgment, the parties agree there are no genuine issues of fact.

Plaintiffs contend the trial court erred in denying summary judgment in their favor and in granting summary judgment in favor of the defendants. They first claim that Mr. Sharpe should not have been allowed to purchase the land because he did not timely exercise his option; thus, the property belonged to the residual beneficiaries.

In an option to purchase property, "[t]he acceptance must be according to the terms of the contract." *Winders v. Kenan*, 161 N.C. 628, 633, 77 S.E. 687, 689 (1913). " 'The "exercise" of an option is merely the election of the optionee to purchase the property.' " *Kottler v. Martin*, 241 N.C. 369, 372, 85 S.E.2d 314, 317 (1955) (*quoting* 66 C.J., Vendor and Purchaser, Sec. 21 (1954)). Our Supreme Court held in *Kidd v. Early*, 289 N.C. 343, 222 S.E.2d 392 (1976):

> Whether tender of the purchase price is necessary to exercise an option depends upon the agreement of the parties as expressed in the particular instrument. The acceptance must be in accordance with the terms of the contract. Where the option requires the payment of the purchase money or a part thereof to accompany the optionee's election to exercise the option, tender of the payment specified is a condition precedent to a formation of a contract to sell unless it is waived by the optionor. On the other hand, the option may merely require that notice be given of the exercise thereof during the term of the option.

*Kidd*, 289 N.C. at 361, 222 S.E.2d at 405.

Here, the Will granted an option to Mr. Sharpe to purchase the land at an established price but specified that "[t]he option . . . shall

remain open for six (6) months. . . ." There was no requirement that he must tender the purchase price during the time period. The option merely required that within six months there must be notice by Mr. Sharpe that he had elected to purchase the land. Thus, Mr. Sharpe timely exercised his option under the Will when he forwarded a letter to the Executrix, in which he expressed his election to purchase the tracts of land, thirty-eight days after the Executrix had been qualified.

Plaintiffs also claim that even if Mr. Sharpe timely exercised his option, he did not tender the purchase price within a reasonable time since he waited until after 31 July 2000. "Where an option or contract to purchase does not specify the time within which the right to buy may be exercised, the right must be exercised within a reasonable time." *Furr v. Carmichael*, 82 N.C. App. 634, 638, 347 S.E.2d 481, 484 (1986) (*citing Lewis v. Allred*, 249 N.C. 486, 106 S.E.2d 689 (1959)).

Here, thirty-eight days after the Will was presented for probate, Mr. Sharpe gave written notice of his exercise of the option. Plaintiffs delayed for thirty-three months the transfer of the land by filing a caveat action on 29 September 1997, an action to remove the Executrix on 12 November 1997, and a lawsuit for a breach of fiduciary duty on 5 April 2000. After all of the parties entered into a settlement agreement on 27 April 2000, all pending actions were dismissed with prejudice on 1 August 2000. On 31 July 2000, Mr. Sharpe reaffirmed his exercise of the option to purchase the land by notifying the Executrix and requesting a survey. We find that Mr. Sharpe acted within a reasonable time under the circumstances in the tendering of the purchase price for the tracts of land. Thus, the trial court did not err in granting summary judgment in favor of defendants.

As summary judgment was properly granted in favor of defendants, the trial court properly denied plaintiffs' motion for summary judgment. The order of the trial court granting summary judgment in favor of defendants is

Affirmed.

Judges McGEE and CAMPBELL concur.