An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-70

Filed 17 December 2025

Cleveland County, No. 24CVD000405-220

WILLIAM B. STROUPE and ALLEN STURGILL, Plaintiffs,

v.

JAMIE MILLS and AQUIVA HAMRICK, Defendants.

Appeal by Defendants from order entered 20 May 2024 by Judge Justin K. Brackett in Cleveland County District Court. Heard in the Court of Appeals 12 August 2025.

> *Jamie Mills and Aquiva Hamrick, pro se, for the defendants-appellants.*
>
> *Dozier Miller Law Group, by Attorney Benjamin Halstead, for the plaintiffs-appellees.*

STADING, Judge.

Jamie Mills and Aquiva Hamrick ("Defendants") appeal from an order that granted summary ejectment in favor of William B. Stroupe and Allen Sturgill ("Plaintiffs"). On appeal, Defendants maintain the trial court erroneously granted summary ejectment in favor of Plaintiffs because Defendants exercised an option to purchase the subject rental property. After careful consideration, we affirm.

## I.  Background

This appeal arises from a landlord-tenant dispute involving a property that Defendants first leased from Brian Barrett.  On 14 January 2022, Defendants entered into a rental agreement (the "Agreement") with Mr. Barrett for a property in Kings Mountain.  The Agreement called for Defendants to provide $800 per month to Mr. Barrett in exchange for living at the subject property and included the following rent-to-own provision:

> 30. Rent To Own
>
> This is a twenty four month rent to own agreement.  During the period of 2/1/2022 – 1/31/2024 $50 of the monthly rental fee will be applied to the down payment for the purchase of the property if payment is made by the 5th of each month.  The purchase price of the property is $113,275.  The property must be purchased by 1/31/2024 or a new agreement must be reached.

The Agreement also provided the agreement began "on the 1st day of February 2022 and monthly thereafter until the 31st day of January 2024, at which time this agreement is terminated."

During Defendants' occupancy of the property, but before the expiration of the Agreement, Mr. Barrett sold the property to Plaintiffs.  The Agreement between Mr. Barrett and Defendants, however, "was not recorded with the Cleveland County Register of Deeds until September 21, 2023, and, as such, was not in the chain of title at the time of purchase by . . . Plaintiffs."  Following the transfer to Plaintiffs, Defendants failed to make timely rent payments on several occasions.

Sometime in December 2023, counsel for Plaintiffs sent Defendants a letter, informing them that Plaintiffs did not intend to renew the lease, and that Defendants needed to vacate the premises on the termination date of 31 January 2024. In response, Defendants sent a letter of intent on approximately 28 December 2023, proposing to purchase the property on 28 February 2024; however, Plaintiffs did not sign the letter. Defendants did not vacate the premises as requested on 31 January 2024. Instead, counsel for Defendants sent another letter, "on January 31, 2024 stating that [they] intended to exercise their option to purchase under Paragraph 30, but also stating that [they] needed 60 days to secure financing to complete the transaction."[1] After the termination date had passed, "Plaintiffs did not enter into any new lease with the Defendants nor did the [they] accept any rent from the Defendants[.]"

Consequently, Plaintiffs filed a summary ejection action against Defendants in small claims court on 9 February 2024, alleging that Defendants were "holding over after the end of the lease period." After a hearing, the small claims court ruled in

---

[1] In their appellate brief, Defendants mention providing another letter of intent to purchase the property from Plaintiffs on 4 May 2023. Defendants misclassify this letter as one of intent. Instead, this letter is more appropriately classified as a demand letter, as it demanded payment for the subject property from Mr. Barrett and Plaintiffs: "Public records show that you sold the property . . . on March 14, 2023. . . . At this juncture, my clients are willing to give you until Friday, May 19, 2023 to refund them an aggregate sum of $99,600.00." *Compare* DEMAND LETTER, Black's Law Dictionary (12th ed. 2024) ("A letter by which one party explains its legal position in a dispute and requests that the recipient take some action (such as paying money owed), or else risk being sued."); *with* LETTER OF INTENT, Black's Law Dictionary (12th ed. 2024) ("A written statement detailing the preliminary understanding of parties who plan to enter into a contract or some other agreement; a noncommittal writing preliminary to a contract."). Nowhere in this letter did Defendants propose exercising their option to purchase the property.

Plaintiffs favor, and Defendants timely appealed to the district court division. Upon review thereafter, the trial court concluded that: Plaintiffs were entitled to summary ejectment; Defendants were holdover tenants; and Defendants failed to exercise their option to purchase the property. Defendants timely entered their notice of appeal.

## II. Jurisdiction

This Court has jurisdiction over Defendants' appeal under to N.C. Gen. Stat. § 7A-27(b)(2) (2023) ("From any final judgment of a district court in a civil action.").

## III. Analysis

Defendants assert the trial court erroneously granted summary ejectment in favor of Plaintiffs because they exercised their right to purchase the property pursuant to the Agreement. Alternatively,[2] Defendants contend that the trial court failed to safeguard the protections they were entitled to under N.C. Gen. Stat. § 47G-4 (2023) ("Condition of forfeiture; right to cure.").

Defendants, however, have failed to cite sufficient authority in support of their arguments. *See* N.C. R. App. P. 28(b)(6). In fact, only three citations are contained within Defendants' appellate brief—two of which provide a standard of a review and

---

[2] Defendants' appellate brief submitted several other issues on appeal: whether Finding of Fact No. 9 is supported by competent evidence; whether Defendants are holdover tenants as defined under North Carolina law; whether the trial court erred in concluding that Plaintiffs were entitled to summary ejectment; and whether the trial court erred by entering judgment for Plaintiffs at the close of all evidence. However, aside from reciting these issues in the issues presented portion of their brief, Defendants made no arguments thereafter. *See* N.C. R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."). Accordingly, Defendant abandoned review of these issues.

the other referencing section 47G-4 generally.   Outside of providing a cursory reference to section 47G-4, Defendants failed to support their arguments with any other legal authority.

Under Appellate Rule 28(b)(6),[3] an appellant *must* provide arguments within the body of their brief that are supported by legal authority:

> *The body of the argument and the statement of applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies.* Evidence or other proceedings material to the issue may be narrated or quoted in the body of the argument, with appropriate reference to the record on appeal, the transcript of proceedings, or exhibits.

N. C. R. App. P. 28(b)(6) (emphasis added).   If a party "does not set forth any legal argument or citation to authority to support [the] contention [it is] deemed abandoned."   *State ex rel. City of Albemarle v. Nance*, 266 N.C. App. 353, 361, 831 S.E.2d 605, 611 (2019) (citation omitted) (alterations in original); *see also K2HN Constr. N.C., LLC v. Five D Contractors, Inc.*, 267 N.C. App. 207, 213, 832 S.E.2d 559, 564 (2019) ("This Court has routinely held an argument to be abandoned where an appellant presents argument without such authority and in contravention of the rule."); *see also GRE Props. Thomasville LLC v. Libertywood Nursing Ctr., Inc.*, 235 N.C. App. 266, 276, 761 S.E.2d 676, 682 (2014) ("Yet, defendant cites only [one case]

---

[3] Although we acknowledge Defendants' pro se status, "the Rules of Appellate Procedure are mandatory; failure to comply with these rules subjects an appeal to dismissal.  Furthermore, these rules apply to everyone—whether acting *pro se* or being represented by all of the five largest law firms in the state." *Bledsoe v. Cnty. of Wilkes*, 135 N.C. App. 124, 125, 519 S.E.2d 316, 317 (1999) (cleaned up).

for the proposition that issues of relevance are reviewed *de novo* and fails to cite any further legal authority in support of its argument. As a result, we find defendant has abandoned this argument.").

"Even presuming, *arguendo*, that . . . [Defendants'] brief contains sufficient citation to authority under Rule 28(b)(6)," Defendants' contentions lack merit. *K2HN Constr.*, 267 N.C. App. at 214, 832 S.E.2d at 565. Contrary to Defendants' urging, there is no record evidence showing that they properly exercised the option to purchase contained within the Agreement. *See Lagies v. Myers*, 142 N.C. App. 239, 248, 542 S.E.2d 336, 342 (2001) (citation omitted) (alteration in original) ("An option contract is not a contract to sell, but 'a continuing offer to sell [ ] land which is irrevocable until the expiration of the time limit of the option.'"). Paragraph 30 of the Agreement expressly provides that to exercise the option to purchase, Defendants needed to either purchase the property by 31 January 2024 or enter a new rental agreement with Plaintiffs—neither of which occurred. *See, e.g., Sharpe v. Sharpe*, 150 N.C. App. 421, 423, 563 S.E.2d 285, 287 (2002) (quoting *Winders v. Kenan*, 161 N.C. 628, 633, 77 S.E. 687, 689 (1913)) ("In an option to purchase property, 'the acceptance must be according to the terms of the contract.'").

Although Defendants sent a letter purporting to exercise the option to buy the property on 31 January 2024, Defendants did not purchase the property within the timeframe required by the Agreement: "[Defendants] hereby exercise their right pursuant to Paragraph 30 to purchase the property . . . . Funds will be disclosed

*within 60 days of this letter.*" (emphasis added). The same reasoning applies to the letter of intent sent on approximately 28 December 2023, as that letter proposed purchasing the property on 28 February 2024—almost a month after the expiration of the Agreement. Further, unchallenged finding of fact No. 10 establishes that "Plaintiffs did not enter into any new lease with the Defendants nor did the Plaintiffs accept any rent from the Defendants" after the expiration of the Agreement on 31 January 2024. Defendants failed to exercise the provisions of the rent-to-own clause "strictly 'in accord with all of the terms specified in the option.'" *Lagies*, 142 N.C. App. at 248, 542 S.E.2d at 342 (citation omitted).

Defendants also challenged that the trial court's order "failed to recognize statutory protections under N.C. Gen. Stat. § 47G-4." That statute provides:

> A purchaser's right to exercise an option to purchase property under an option contract cannot be forfeited unless a breach has occurred in one or more of the purchaser's express obligations under the option contract and the option contract provides that as a result of such breach the seller is entitled to forfeit the contract. Notwithstanding any option contract or covered lease agreement provisions to the contrary, the purchaser's rights shall not be forfeited until the purchaser has been notified of the intent to forfeit in accordance with G.S. 47G-5 and been given a right to cure the default and has failed to do so within the time period allowed. The option purchaser is entitled to the right to cure a default once in every 12-month period during the period of the covered lease agreement.

N.C. Gen. Stat. § 47G-4. However, any such argument on this basis fails since Defendants did not properly exercise the option to purchase under the express

requirements of the Agreement before its expiration.

## IV. Conclusion

For the foregoing reasons, we hold the district court did not commit error by granting summary ejectment in favor of Plaintiffs. Defendants' assignments of error are overruled.


AFFIRMED.

Judges GORE and GRIFFIN concur.

Report per Rule 30(e).